STOKER, Judge.
In this matter the City of Lafayette, Jerry Trumps and Glen Weber appeal a judgment which is actually in their favor, but which they claim aggrieves them by implying they are guilty of “contemptuous acts.” The issue on appeal is whether or not this judgment should be amended to conform to the trial court’s findings set forth in its written reasons for judgment in which the trial court specifically found there was no evidence that appellants had done anything that could be considered as “contemptuous conduct.”
The appellants, along with a party not before us, The Daily Advertiser, Ind., Inc., d/b/a the Daily Advertiser, were ruled into court by plaintiff-appellee, Acadian Heritage, and charged with constructive contempt of court. The Daily Advertiser also moved to appeal from the judgment on the rule, but the appeal was dismissed for failure to obtain an order of appeal from a non-recused judge of the Fifteenth Judicial District Court. Acadian Heritage Realty v. City of Lafayette, 425 So.2d 388 (La.App. 3rd Cir.1982).
As stated in the case cited above, a portion of the trial court’s judgment on the rule for contempt states:
“When after hearing the evidence, the Court believing that contemptuous acts have been proven but that they do not constitute a clear present and eminent danger to the due administration of justice ...”
This language of the judgment clearly applies only to the Daily Advertiser and not to the appellants before us. Appellants contend the judgment as rendered by the trial court prejudicially affects them because the contempt proceeding is in the nature of a criminal proceeding and the judgment in its present form could expose appellants to penalties in the future.
Although appellants do not state with specificity what such future “penalties” might be, we see no reason to deny the relief they seek. The judgment implies wrongdoing on their part when the trial court’s written reasons clearly state there is no evidence of any such wrongdoing. The record reflects no amendment of the trial court’s written reasons with respect to that conclusion.
In opposition to the relief sought in this appeal by the City, Trumps and Weber, Acadian Heritage Realty asserts that “The only issue ... is whether or not these defendants are entitled to compel the trial judge to include in his formal judgment portions of his written reasons for judgment.” This is not a correct statement of appellant’s position. The trial court’s judgment is inconsistent with and contrary to its findings as stated in its written reasons for judgment.
In our opinion in 425 So.2d at 388 at page 393 we said:
“The trouble is that the judgment signed by Judge Humphries did include a portion of his reasons for judgment. The City and its employees contend that the portion of the reasons for judgment included in the judgment does not conform to the written reasons for judgment. We agree that written reasons should not be included in a formal judgment. LSA-C.C. art. 1918. Had the trial court’s judgment not made reference to its findings as it did, the City and its employees would have no complaint. As noted, however, the judgment did state findings which these three appellants urge in their appeal is incorrect as to them. They want the reference to findings of contempt to be stated correctly (as they see it) or left out entirely.”
DECREE
For the reasons assigned, we recast the trial court’s judgment so as to amend the preamble thereof as follows:
“JUDGMENT ON CONTEMPT RULE
“This matter came on for hearing on plaintiff’s motion to have The Daily Advertiser Independent, Inc., Richard D’Aquin, Charles Lennox, Vince Marino, the City of Lafayette, James G. Trumps, and Glen Weber adjudged in contempt of court as the *182 result of the publication of comments by The Daily Advertiser newspaper concerning plaintiff’s case then pending and undecided. For written reasons assigned herein on June 9, 1982,
“IT IS ORDERED, ADJUDGED AND DECREED that the Rule Nisi heretofore issued be and the same hereby is recalled and dismissed.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that The Daily Advertiser Independent, Inc., d/b/a The Daily Advertiser be and hereby is condemned to pay all costs of the Rule Nisi hereby dismissed.”
The costs of this appeal are assessed to plaintiff-appellee, Acadian Heritage Realty.
AMENDED.