SUSAN M. CHEHARDY, Chief Judge.
| ?This is a collection suit in which the trial court granted summary judgment in favor of the plaintiff. The defendant appeals, arguing the affidavit filed in support of the motion for summary judgment is incompetent hearsay evidence, executed by an employee of the collection agency rather than an employee of the creditor and, further, that it was not based on personal knowledge of the affiant. We affirm.
FACTS
On August 30, 2011, Midland Funding, LLC (“Midland Funding”) filed suit against Joseph Trahan to recover the balance on a Walmart charge account. Midland Funding alleged it had acquired the account receivable from GE Money Bank.
Trahan filed an answer that made a general denial and raised the affirmative defenses of extinguishment by payment and/or liberative prescription.
Thereafter Midland Funding filed a motion for summary judgment, supported by two affidavits and by pertinent account records. The first affidavit is by Suzanne Dumonceaux, who states the following: She is employed as a legal specialist and has access to pertinent account records for Midland Credit | aManagement, Inc. (“MCM”), servicer of this account on behalf of the plaintiff; and that she makes the statements in the affidavit based upon personal knowledge of those account records maintained on plaintiff’s behalf. Du-monceaux further states the plaintiff is the current owner of and/or successor to the obligation sued upon, and was assigned all the rights, title and interest to defendant’s GE Money Bank account 6032203881703321 (MCM number 8533622541). She states she is familiar with the manner and method by which MCM creates and maintains its business records pertaining to the account. Du-monceaux further states that the account shows the defendant owes a balance of $1,108.40, and that Dumonceaux is advised the balance will continue to accrue interest of 4.00% as an annual percentage rate until judgment is entered, after which interest on the unpaid balance shall accrue as provided by law and as set forth in the terms of the judgment. Dumonceaux’s affidavit ends by noting that the attached statement of account is a true and correct account and/or billing statement(s) relating to this matter, as reflected in MCM’s records.
The second affidavit is by Keith Sias, who states he is employed by Gregory M. Eaton, the attorney for the plaintiff; he is primarily responsible for this file, and is *1156 familiar with the defendant’s Wahnart account. He states the matter was received by the office of Gregory M. Eaton on July 17, 2011 and has been continually monitored since that date. Sias states that on November 28, 2011, Midland Funding LLC, holder of credit issued through GE Money Bank, indicated a balance due from Joseph Trahan totaling $1,108.40, additional interest of 4% from December 31, 2009, plus attorney’s fees in the amount of 25% of the total of both principal and interest, and the amount due is on the defendant’s Walmart account # 6032203331703321.
|4The motion for summary judgment was argued and submitted. The trial court noted that it allowed oral argument to the defendant, although his opposition to the motion for summary judgment was untimely.
On April 2, 2012, the trial court rendered judgment in favor of Midland Funding, awarding the sum of $1,108.40, plus additional interest of 4% from December 31, 2009, and 25% attorney’s fees. The court provided written reasons for judgment as follows, in pertinent part:
Credit card accounts are considered “open accounts” under Louisiana law. In a suit on open account, a plaintiff presents prima facie proof sufficient to support a judgment when they submit a statement or invoice of the account and an affidavit attesting to the correctness thereof.
Midland presented sufficient evidence to establish its prima facie case: the affidavit of Suzanne Dumonceaux, employee of Midland Credit Management, Inc., the account servicer for plaintiff, Midland Funding; a July, 2011 collections letter to Trahan; Midland’s Statement of Account; Bill of Sale transferring ownership of the account from GE Money Bank to Midland; June, 2009 and January, 2010 Wal-Mart account statements in the name of Trahan; etc. The correctness of this supporting documentation was established by the affidavit of Midland Credit Management employee Suzanne Dumonceaux who attested that her affidavit was “based upon her personal knowledge of those account records maintained on the plaintiffs behalf.” Having established its prima facie case, the burden shifted to Trahan to provide evidence indicating the existence of a genuine issue of material fact for trial.
Trahan did not contest the veracity or substance of Midland’s motion, but attacked the sufficiency of the evidence presented. Specifically, Trahan argued that the affidavits presented were not based on the personal knowledge of the affiants. Dumonceaux’s affidavit specifically attests to her personal knowledge of Midland’s account servicer’s business account records, Midland’s sole and full ownership of the account, and the identity of the supporting documentation, including those records provided by the original creditor.
IsFor the foregoing reasons, Midland Recovery [sic], LLC’s Motion for Summary Judgment was GRANTED. [Citations omitted.]
Trahan appeals.
LAW AND ANALYSIS
Trahan asserts the trial court erred in granting summary judgment because the affidavit was not based on personal knowledge of the affiant that the records of the original credit account holder were valid and correct.
In opposition to the appeal, Midland Funding asserts the trial court was correct *1157 in finding that it established a prima facie case for summary judgment, and that the Dumonceaux affidavit was based on the requisite personal knowledge.
With respect to motions for summary judgment, La. C.C.P. art. 967(A) provides, “Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.”
“Personal knowledge means something the witness actually saw or heard, as distinguished from what he learned from some other person or source.” Hibernia Nat. Bank v. Rivera, 07-962, p. 9 (La.App. 5 Cir. 9/30/08), 996 So.2d 534, 539.
In Sears v. Richardson, 32,951 (La.App. 2 Cir. 4/5/00), 759 So.2d 190, 193, plaintiffs counsel produced an affidavit of correctness of a Sears account executed by Vickie Allen, one of the employees of plaintiffs counsel, to prove the correctness of the account and to recover additional interest. The court found the affidavit was insufficient, stating, “Allen’s affidavit indicates that she is responsible for the file as an employee of the collection attorney, not as a representative of Sears, and her statements concerning what Sears ‘indicated’ on September 16,1998 are hearsay that would not be admissible at a trial on the merits.”
1 fiMr. Trahan argues the same reasoning applies in this case: Suzanne Dumonceaux’s affidavit indicates that she is responsible for the file as an employee of Midland Credit Management, Inc., a servicer for the plaintiff, Midland Funding, L.L.C., not as a representative of Wal-mart. Mr. Trahan contends the affidavit is incompetent hearsay evidence, executed by a person with three degrees of separation from the creditor, Walmart, who has no personal knowledge of the validity and accuracy of the Walmart account. Further, Mr. Trahan argues, even if the records were not subject to the hearsay rule under the business records exception, the affidavit does not establish that affiant, Dumonceaux, had knowledge of the validity and accuracy of the Walmart records.
LSA-C.C.P. art. 967 uses the conjunctive in requiring that the evidence offered in support of or in opposition to a motion for summary judgment be not only admissible, but it must also affirmatively show that the affiant is competent to testify to matters stated in the affidavit, and, more significantly, it must be made “on personal knowledge.” Therefore, the fact that evidence may be admissible is not the same as saying that it is made based on personal knowledge and is not sufficient in itself to satisfy the LSA-C.C.P. art. 967 personal knowledge requirement. [Citation omitted.]
Tritt v. Gares, 98-0704 (La.App. 4 Cir. 12/23/98), 735 So.2d 659, 663.
Regarding the use of affidavits, the requirement of La.C.C.P. Art. 967 that “affidavits shall be made on personal knowledge” has been strictly enforced: it is insufficient for an affiant to merely declare that he has “personal knowledge” of a certain fact. The affidavit must affirmatively establish that the af-fiant is competent to testify to the matters stated by a factual averment showing how he came by such knowledge. [Citation omitted.]
Express Pub. Co., Inc. v. Giani Inv. Co., Inc., 449 So.2d 145, 146-47 (La.App. 4th Cir.1984).
Personal knowledge encompasses only those facts which the affiant saw, heard *1158 or perceived with his own senses. We cannot use a purported search for legislative 17intent as a pretext to ignore the clear and unambiguous requirement that summary judgment affidavits be based on personal knowledge. This is even more true today where the legislature has declared that summary judgments are favored. Were we to dilute the requirement that affidavits be based on personal knowledge, it should be all [too] easy to come up with hearsay affidavits effectively undermining the entire summary judgment process. [Citations omitted.]
Tritt, 735 So.2d at 663.
We note, however, that there is a business records exception to the hearsay rule, La. C.E. art. 803(6), for records of regularly conducted business activities:
[W]here business records are concerned, the courts have deemed it sufficient that the affiant be qualified to identify the business records as such. The affiant has not been required to show that he personally prepared the business records, or that he had direct, independent, firsthand knowledge of the contents thereof.... The practical wisdom of this approach is especially easy to appreciate in litigation involving long running account relationships where it would not normally be practical or necessary to require every one of possibly numerous employees to personally attest to each entry on the account. Although the wisdom of the business records doctrine is easiest to see in connection with accounts of long standing, it is equally applicable to business records in general. Accordingly, in the absence of a challenge from the respondent to the competency of [the affiant], we find that he is competent to identify relator’s business records.
Delcambre v. Pnce, 99-0223 (La.App. 4 Cir. 3/24/99), 738 So.2d 593, 595-596.
Here, the defendant failed to file a motion to strike or otherwise officially challenge the affidavits filed in support of the motion for summary judgment. The defendant’s arguments against the validity of the affidavits were contained in his late-filed opposition to the motion and in his counsel’s argument at the motion hearing. “Argument of counsel, which includes memoranda submitted in support of or in opposition to a motion for summary judgment, is not evidence, no matter how artful and persuasive.” Delcambre, 738 So.2d at 597, n. 1.
| jjHence, the plaintiff presented a prima facie case in support of the motion for summary judgment. The burden of proving otherwise then shifted to the defendant, who failed to support it. Accordingly, we find no error in the trial court’s ruling.
For the foregoing reasons, the judgment is affirmed. Costs of appeal are assessed against the defendant-appellant, Joseph Trahan.

AFFIRMED