STEPHEN J. WINDHORST, Judge.
|2Plaintiff, Kenya Blair,[1] filed suit against defendants, Brothers Avondale, L.L.C. d/b/a Brothers Food Mart # 128 d/b/a Brothers Food Mart and its insurer James River Insurance Company (“Brothers Avondale”),[2] for injuries sustained when she slipped and fell on a wet floor inside their convenience store. The trial court rendered judgment in favor of Ms. Blair and awarded general damages of $15,000.00 and medical expenses of $3,138.17. Brothers Avondale appeals from this decision of the trial court.

FACTS

The accident occurred on the evening of September 7, 2009. Ms. Blair, accompanied by her sister-in-law, went into the Brothers Avondale store to purchase some soda and chips. Upon entering the store, she passed in front of two aisles, and then went down the third aisle to the rear of the store where the drink coolers were located. She then started toward the front, proceeding down the Rmiddle aisle where the chips were located. While traversing the middle aisle, she slipped and fell.
When Ms. Blair entered the store, a day laborer named “Jose” was mopping the floor. He had positioned a “Wet Floor” sign in front of the display racks between the second and third aisles. Ms. Blau-stated that she entered the store and immediately proceeded to the back, and she did not notice either Jose or the “Wet Floor” sign at the front of the aisles. She testified that there was no “Wet Floor” sign located at the back of the store or in the middle aisle. She further stated that the aisle was very narrow, and she would have hit the sign had it been there.
After Ms. Blair fell, Jose and a store patron helped her up. She went to the cashier at the front of the store, paid for her items, and left the store. Ms. Blah-testified that her back was hurting, and on the store’s videotape of the accident she is seen holding her back.
Imad “Tony” Abdel was the manager present at Brothers Avondale on the date of the accident. He testified that the appropriate procedure for mopping the floor is to put down three “Wet Floor” signs, then sweep the floors and then mop with a mixture of water and bleach. One of the “Wet Floor” signs is placed in the front of the store, and the other two signs are moved to each section as it is mopped. Mr. Abdel testified that he hired Jose for one day and instructed him on how to mop the floors. He further stated that all three “Wet Floor” signs were in use. Mr. Abdel saw Ms. Blair fall. He did not come from behind the counter to assist, but he did instruct Jose to help Ms. Blair.
A videotape of the accident was introduced into evidence at trial. It shows Jose mopping the floor at the center aisle, and moving the “Wet Floor” sign at the front of the store. The videotape does not show the back of the store or the aisles, |4which are at issue, and it does not show Jose moving any other “Wet Floor” signs or placing a ‘Wet Floor” sign in the center aisle.
At trial, Mr. Abdel admitted that there were eight to ten video cameras placed in *1197 various areas of the store. He stated that he saved only the video of the front of the store because it provided the best view of the accident.
Hannah Vancour was the cashier behind the front counter facing the aisles on the date of the accident. She stated that she saw a “Wet Floor” sign directly in front of her and another in the center aisle where Ms. Blair fell. Ms. Vancour acknowledged that she was in a personal relationship with Mr. Abdel.
As a result of the fall, Ms. Blair suffered a back injury. She was seen by Dr. William Alden who diagnosed cervical strain with spasm, lumbar strain with spasm and post-traumatic cephalgia. She was treated conservatively with therapy and medications. Ms. Blair stated that, at the time of trial, she still had some back pain which she treated with Ibuprofen.

DISCUSSION

In this appeal, Brothers Avondale presents five assignments of error that cover three issues for review. First, they argue that the trial court erred in rendering judgment against a party who did not make an appearance in this suit. Second, they allege that the trial court erred in its award of special damages, and that it failed to consider a Medicaid lien. Finally, they allege that the trial court erred in finding Brothers Avondale liable and in failing to assess comparative fault to Ms. Blair.
NONPARTY
In their first allegation of error, Brothers Avondale alleges that the trial court erred in rendering judgment against a nonparty. When plaintiff filed the petition, she erroneously named Brothers La-palco, L.L.C. d/b/a Brothers Food Mart # 128 |fid/b/a Brothers Food Mart (“Brothers Lapalco”) as defendant, along with James River Insurance Company. By her first supplemental and amending petition, plaintiff amended her petition to add as defendant Brothers Avondale, L.L.C. d/b/a Avondale Brothers # 128 d/b/a Brothers Food Mart (“Brothers Avondale”). Brothers Avondale answered the petition and participated in all proceedings, including the trial of this matter. However, in its judgment the trial court named Brothers Lapalco instead of Brothers Avondale.
Brothers Avondale now alleges that the judgment names a nonparty and requests that the judgment be reversed. La. C.C.P. art. 2164 provides, in pertinent part that, “[t]he appellate court shall render any judgment which is just, legal, and proper upon the record on appeal.... ”
Clearly, the trial court’s intent was to render judgment against Brothers Avon-dale, and it was a clerical error to name Brothers Lapalco rather than Brothers Avondale as the party east in judgment. Accordingly, we amend the judgment to substitute Brothers Avondale for Brothers Lapalco. Harvey v. Traylor, 96-1821 (La.App. 4 Cir. 2/5/97), 688 So.2d 1324, writ denied, 97-0587 (La.4/18/97), 692 So.2d 454.
SPECIAL DAMAGES
In their second and third allegations of error, Brothers Avondale allege that the trial court erred in awarding special damages, and in failing to address the Medicaid lien filed by the Department of Health and Hospitals.
Brothers Avondale first contend that the trial court erred in assessing special damages because Ms. Blair’s medical bills were unauthenticated. However, the parties entered into a stipulation concerning the medical records and bills at the start of trial. A plaintiffs stipulation has the effect of a judicial admission or confession and binds all parties and the court. Miller v. LAMMICO, 07-1352 (La.1/16/08), 973 So.2d 693, 709. Having stip *1198 ulated to the medical bills at trial, Brothers Avondale cannot challenge them on appeal.
In brief, Ms. Blair alleges that the trial court made a calculation error in its award of damages, and she requests that this Court recalculate the amount of special damages owed. However, because Ms. Blair did not appeal or file an answer to the appeal, she is not entitled to any relief. This Court cannot modify the judgment because to do so would result in a modification in favor of the non-appealing party, contrary to Louisiana law. La. C.C.P. art. 2133; La Louisiane Bakery Co. Ltd. v. Lafayette Ins. Co., 09-825 (La.App. 5 Cir. 2/8/11), 61 So.3d 17, 31, writ denied, 11-0493 (La.4/25/11), 62 So.3d 95.
Brothers Avondale next argues that the trial court erred in failing to limit the special damage award to the amount of Ms. Blair’s Medicaid lien. They allege that .the remaining medical bills awarded to plaintiff are “write-off’ amounts to which Ms. Blair is not entitled, citing Bozeman v. State, 03-1016 (La.7/2/04), 879 So.2d 692.
“A party who asserts that an obligation is null, or that it has been modified or extinguished, must prove the facts or acts giving rise to the nullity, modification, or extinction.” La. C.C. art. 1831. Brothers Avondale presented no evidence to show that the medical bills introduced into evidence were submitted to Medicaid or written off by Medicaid. We therefore find no merit to Brothers Avondale’s allegation that the trial court erred in its assessment of special damages.
LIABILITY AND COMPARATIVE FAULT
In their last two allegations of error, Brothers Avondale allege that the trial court erred in finding that plaintiff satisfied her burden of proving the essential elements as required by La. R.S. 9:2800.6. Brothers Avondale further allege that the trial court erred in failing to assess comparative fault to plaintiff.
17Appellate courts review factual findings utilizing the manifestly erroneous or clearly wrong standard of review. Rosell v. ESCO, 549 So.2d 840, 844 (La.1989). One of the basic tenets of the manifest error standard of review is that “reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the court of appeal is convinced that had it been the trier of fact, it would have weighed the evidence differently.” Savage v. State Farm Mut. Ins. Co., 09-852 (La.App. 5 Cir. 2/9/10), 33 So.3d 919, 922, citing Rando v. Anco Insulations Inc., 08-1163 (La.5/22/09), 16 So.3d 1065, 1087.
“However, where documents or objective evidence so contradict the witness’s story, the court of appeal may find manifest error or clear wrongness [sic] even in a finding purportedly based on a credibility determination.” Cosby v. Holcomb Trucking, Inc., 05-0470 (La.9/6/06), 942 So.2d 471, 479. “[W]here such factors are not present, and a fact finder’s finding is based on its decision to credit the testimony of one or two or more witnesses, that finding can virtually never be manifestly erroneous or clearly wrong.” Id.
Furthermore, “[allocation of fault is a finding of fact and, as with other factual determinations, the trier of fact is vested with much discretion in its allocation of fault. An appellate court may only reallocate fault if it finds that the trial court was clearly wrong or manifestly erroneous.” Phipps v. Allstate Ins. Co., 05-651 (La.App. 5 Cir. 2/27/06), 924 So.2d 1081, 1085.
The trial court heard the testimony of the witnesses and saw the videotape of the accident, and it made the following factual findings in its reasons for judgment:
*1199 The Court finds that [Brothers] was mopping the floor and the area where the plaintiff, Kenya Blair, slipped, and where the defendant had just mopped. This presented an unreasonable risk of harm to the plaintiff, Kenya Blair and this risk of harm was reasonable (sic) foreseeable. Furthermore, the Court finds that the merchant failed to exercise reasonable care. The Court finds that the “Wet Floor” sign | swas improperly placed. It was not in the aisle and could not be seen from where the plaintiff, Kenya Blair entered the aisle. The Court does not believe that there was a “Wet Floor” sign at the end of the aisle where the plaintiff, Kenya Blair entered the aisle.
Mr. Abdel, the manager, testified that, while mopping, it was Brothers Avondale’s policy to place a “Wet Floor” sign near the entrance of the store, and two more signs in the wet area being mopped. Further, Mr. Abdel testified that at the time of Ms. Blair’s fall, the three signs were placed according to that policy, including a sign in the wet aisle where Ms. Blair slipped and fell. This policy was obviously in place to avoid an unreasonable risk of harm, and in the least, to attempt to alert shoppers.[3]
On the other hand, Ms. Blair testified that there was no sign in the aisle. The trial judge’s finding that there was no “Wet Floor” sign located in the wet aisle, apparently based upon several factors, including Ms. Blair’s testimony, is not an unreasonable conclusion of fact, and is certainly not one which we can conclude to be clearly wrong and therefore reversible.
Mr. Abdel also testified that there were eight to ten surveillance cameras in the store providing eight to ten different views of the store, yet he only retained one of those eight to ten different views. Surely at least one, and perhaps several of those views would have provided a view of the “Wet Floor” sign, had it been in the wet aisle. It is a fair conclusion of fact that the missing camera views were not favorable to the party which erased them.[4] Considering the totality of the circumstances, the factual findings by the trial judge that the “Wet Floor” signs |9were not properly placed as claimed by Mr. Abdel, and that an unreasonable risk of harm existed, were neither unsupported by evidence nor unreasonable.
Although this Court might have decided the issue of liability differently had it been the trier of fact, we do not find that the trial court was clearly wrong in finding that the floor at Brothers Avondale created an unreasonable risk of harm, and that Brothers Avondale failed to exercise reasonable care.
We further conclude that the trial court could have reasonably concluded that Ms. Blair’s failure to notice the “Wet Floor” sign or Jose mopping the front of the store did not contribute to her fall in the center aisle. Accordingly, we find no manifest error in the trial court’s judgment insofar as it does not assess any percentage of fault to Ms. Blair.

CONCLUSION

For the above discussed reasons, the judgment of the trial court in favor of Kenya Blair is amended as follows:
*1200 IT IS ORDERED, ADJUDGED, AND DECREED that there be judgment in favor of the plaintiff, Kenya Blair and against the defendants, Brothers Avondale, L.L.C., Brothers Food Mart # 128, Brothers Food Mart, and James River Insurance Company in the amount of Eighteen Thousand, One Hundred Thirty-Eight Dollars and 17/100 ($18,138.17), plus legal interest from the date of judicial demand until paid and all costs of these proceedings. This judgment is hereby made executory.
As amended, the judgment is affirmed. Costs are assessed against defendants/appellants, Brothers Avondale, L.L.C. d/b/a Brothers Food Mart # 128 d/b/a Brothers Food Mart, and James River Insurance Company.
AFFIRMED AS AMENDED.

. When this suit was filed, Ms. Blair was seventeen years old, and her mother instituted this suit on her behalf. At the time of trial, Ms. Blair had reached the age of eighteen, and she was substituted as plaintiff.

. The initial petition incorrectly named defendants as Brothers Lapalco, L.L.C. d/b/a Brothers Food Mart # 128 d/b/a Brothers Food Mart and its insurer James River Insurance Company. Brothers Avondale, L.L.C. d/b/a Brothers Food Mart # 128 d/b/a Brothers Food Mart was added by plaintiff’s supplemental and amending petition.

. While adherence to its policy could have resulted in a different verdict on liability, we do not base our decision in whole or in part for Brothers Avondale’s failure to do so.

. We further note that there is a legal presumption that evidence that a litigant fails to produce is detrimental to his case, unless the failure to produce the evidence is adequately explained. Everhardt v. Louisiana Dep’t of Transp. & Dev., 07-0981 (La.App. 4 Cir. 2/20/08), 978 So.2d 1036, 1044.