STEPHEN J. WINDHORST, Judge.
12Plaintiff, Eugenia Ross, appeals from the dismissal of her suit pursuant to a motion for summary judgment filed by defendant, Oceans Behavioral Hospital of Greater New Orleans (“the Hospital”). We affirm the decision of the trial court.
Ms. Ross, a registered nurse, was employed by the Hospital. On December 27, 2008, she reported an alleged assault committed by a mental health technician on a patient to the hospital administrator. She alleges that the administrator took no action, so she reported the assault to corporate compliance. She was terminated three days later, Ms. Ross then filed suit against the Hospital for lost wages and other damages under La. R.S. 23:967, claiming she was terminated in retaliation for reporting the assault.
Ms. Ross’s allegations arose out of a conversation she had with a fellow employee, Dorothy Ellis. According to Ms. Ross, Ellis told her that another employee, Rose Brumfield, had pushed a patient to the ground because the patient was trying to hit Brumfield with his walker. Ellis, however, did not see the alleged battery. Ms. Ross reported the incident to the hospital administrator, but did not Lsign the form because she too did not see the event. She also did not discuss the incident with Brumfield. Ms. Ross stated that because the hospital administrator took no action, she reported the incident to corporate compliance, who conducted an investigation. During the investigation, both the patient and Brumfield denied that the event occurred. Finding nothing to support the allegation, the hospital deemed the matter concluded.
According to the Hospital, Ms. Ross was terminated for matters unrelated to this incident.
The Hospital’s motion for summary judgment alleged that there were no material issues of fact and that Ms. Ross would be unable to meet her burden of proving that any violation of state law occurred, or that the alleged violation constituted a “workplace act or practice.” Therefore, it argues, the plaintiff would be unable present evidence to support the elements of La. R.S. 23:967.
Along with her opposition to the motion, Ms. Ross provided exhibits consisting of:
Exhibit 1: Ms. Ross’s affidavit;
Exhibit 2: an unsworn and unsigned statement by Ellis which referred to statements allegedly made by Brum-field;
Exhibit 3: an incident report authored by Ellis;
Exhibit 4: handwritten notes which contained the results of the Hospital’s investigation into the alleged incident, which were written by an unknown writer and were not authenticated and which contained third party statements; and Exhibit 5: an affidavit by employee La-Tonya McGee which described a conversation that she overheard.
The Hospital filed a motion to strike the exhibits attached to Ms. Ross’s opposition.
After a hearing, the trial court granted the Hospital’s motion to strike and ordered that the affidavit of Ross (Ex. 1), the un-sworn statement of Ellis (Ex. 2), 14and Ms. McGee’s affidavit (Ex. 5) be stricken. In its reasons for judgment, the court said:
Exhibit 1, Plaintiffs Affidavit, is merely 'a restatement of what Dorothy Ellis told Plaintiff about the incident. The affidavit does not contain any person knowledge of whether the alleged assault actually occurred, and contains inadmissible hearsay.
Exhibit 2, the handwritten statement of Dorothy Ellis, is not in the form of an *179 affidavit. Moreover, the statement contains inadmissible hearsay concerning the alleged assault.
Exhibit 5, the affidavit of Lotoya [szc ] McGee, does not contain any personal knowledge of whether the alleged 'assault actually occurred, and contains inadmissible hearsay.
The court also granted the Hospital’s motion for summary judgment. The court found that plaintiff failed to present any admissible evidence to support her claim. After noting that exhibits 1, 2 and 5 had been stricken from the record, the court further found that exhibits 3 and 4 could not be considered because:
Exhibit 3, the Incident/Accident Report, is not authenticated and contains inadmissible hearsay concerning the incident. Exhibit 4, the handwritten notes allegedly taken during Defendant’s investigation of the incident, was prepared by an unknown source. It is not in the form of an affidavit; it is not authenticated, and it contains inadmissible hearsay.
In this appeal, Ms. Ross assigns as error the trial court’s ruling granting summary judgment and also granting the motion to strike.
In challenging the trial court’s ruling granting the motion to strike, Ms. Ross contends that the exhibits stricken fell under exceptions to the hearsay rule, and therefore would have been admissible in court.
With regard to summary judgment motions, La. C.C.P. art. 967A provides that “Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in ’ evidence, and. shall show affirmatively that the affiant is competent to testify to the matters stated therein. Personal knowledge means something the witness actually saw or heard, as | ¡^distinguished from what he learned from some other person or source.” Midland Funding, LLC v. Trahan, 12-562 (La.App. 5 Cir. 2/21/13), 110 So.3d 1154, 1157. (Emphasis added.)
LSA-C.C.P. art, 967 uses the conjunctive in requiring that the evidence offered in support of or in opposition to a motion for summary judgment be not only admissible, but it must also affirmatively show that the affiant is competent to testify to matters stated in the affidavit, and, more significantly, it must be made “on personal knowledge.” Therefore, the fact that evidence may be admissible is not the same as saying that it is made based on personal knowledge and is not sufficient in itself to satisfy the LSA-C.C.P. art. 967 personal knowledge requirement.
Id. at 1157, citing Tritt v. Gares, 98-0704 (La.App. 4 Cir. 12/23/98), 735 So.2d 659, 663.
In this case, it is clear that the stricken exhibits attached to the memo in opposition to summary judgment were not based on the personal knowledge, but instead were unreliable hearsay told to Ms. Ross and others, and were correctly excluded by the trial court. We find no error' in the trial court’s ruling striking exhibits 1, 2 and 5.
In her second assignment of error, Ms. Ross alleges that it was error for the trial court to grant the Hospital’s motion for summary judgment. She contends that had the above exhibits been considered, a material issue of fact would exist as to whether a battery was committed, and whether shfe was terminated as a result of her actions in reporting the alleged battery.
*180 Summary judgment shall be rendered “if the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, if any, admitted for purposes of the motion for summary judgment, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law.” La. C.C.P. art. 966B(2). The party bringing the motion bears the burden of proof; however, where the moving party will not bear the burden of proof at trial, the | amoving party must only point out that there is an absence of factual support for one or more elements essential to the adverse party’s claim. La. C.C.P. art. 966 C(2). Thereafter, if the adverse party fails to produce factual support sufficient to show that he will be able to meet his evidentiary burden of proof at trial, no issue of material fact exists and the moving party is entitled to summary judgment. Id.
On appeal, our review of summary judgments is de novo using the identical criteria that govern the district court’s consideration of whether summary judgment is appropriate. In re Succession of Holbrook, 13-1181 (La.1/28/14), 144 So.3d 845, 847. The decision as to the propriety of a grant of a motion for summary judgment must be made with reference to the substantive law applicable to the case. Muller v. Carrier Corp., 07-770 (La.App. 5 Cir. 4/15/08), 984 So.2d 883, 885.
La. R.S. 23:967 provides:
§ 967. Employee protection from reprisal; prohibited practices; remedies
A.An employer shall not take reprisal against an employee who in good faith, and after advising the employer of the violation of law:
(1)Discloses or threatens to disclose a workplace act or practice that is in violation of state law.
(2) Provides information to or testifies before any public body conducting an investigation, hearing, or inquiry into any violation of law.
(3) Objects to or refuses to participate in an employment act or practice that is in violation of law.
B. An employee may commence a civil action in a district court where the violation occurred against any employer who engages in a practice prohibited by Subsection A of this Section. If the court finds the provisions of Subsection A of this Section have been violated, the plaintiff may recover from the employer damages, reasonable attorney fees, and court costs. (Emphasis added.)
C. For the purposes of this Section, the following terms shall have the definitions ascribed below:
(1) “Reprisal” includes firing, layoff, loss of benefits, or any discriminatory action the court finds was taken as a result of an faction by the employee that is protected under Subsection A of this Section; however, nothing in this Section shall prohibit an employer from enforcing an established employment policy, procedure, or practice or exempt an employee from compliance with such.
(2) “Damages” include compensatory damages, back pay, benefits, reinstatement, reasonable attorney fees, and court costs resulting from the reprisal.
In order to qualify'for protection from reprisal under this statute, the court must find that the provisions of subsection A have been violated. The plaintiff must prove an actual violation of a state law, not just a good faith belief that a law was broken. Mabry v. Andrus, 45, 135 (La. App. 2 Cir. 4/14/10), 34 So.3d 1075, 1081, writ denied, 10-1368 (La.9/24/10), 45 So.3d 1079.
*181 In this case, even if Ms. Ross had a good faith belief that a law was broken, she provided no competent and admissible evidence that an actual violation of a state law had occurred. Ms. Ross admitted that she was not present at the time of the alleged violation, but only heard about it later from a third party. Ms. Ross admitted and that she did not speak to the alleged violator or the victim about the incident. Both the alleged violator, Ms. Brumfield, and the alleged victim, her patient, denied that the battery occurred. The trial court correctly ruled that exhibits 3 and 4 contained inadmissible hearsay, and therefore were not sufficient to sustain the plaintiffs burden of proof at trial.
Without any evidence to support her claims, there is no genuine issue of fact as to whether an actual violation of state law occurred. We find that the trial court did not err in granting the Hospital’s motion for summary judgment and dismissing Ms. Ross’s suit against it.
In its brief to this Court, the Hospital requests that it be awarded reasonable attorney fees and costs, as provided in La. R.S. 23:967. The Hospital therefore requests that the trial court judgment be modified to include reasonable attorney’s |Rfees and costs. The Hospital further requests that this court award attorney’s fees and costs for this appeal. However, the Hospital did not appeal from the trial court’s judgment, nor did it file an answer to appeal in this court. La. C.C.P. art. 2133. See Carter ex rel. Blair v. Bros. Lapalco, 13-1 (La.App. 5 Cir. 5/16/13), 118 So.3d 1194; DeBaillon v. Consol. Operating Co., 07-1117 (La.App. 3 Cir. 1/30/08), 975 So.2d 682. Accordingly, an award attorney’s fees and costs pursuant to La. R.S. 23:967 D is not properly before this Court and cannot be granted.
For the above discussed reasons, the trial court’s judgment granting Oceans Behavioral Hospital’s Motion to Strike and Motion for Summary Judgment, and dismissing Eugenia Ross’s suit with prejudice, is affirmed. Costs are assessed against plaintiff/appellant, Eugenia Ross.
AFFIRMED