BELSOME, J.,
dissents in part with reasons.
hi partially dissent from the majority’s opinion as it relates to the plaintiffs claims under the Louisiana Whistleblower Statute.
It is well established that La. C.C.P. art. 966(C)(2) provides that where, as in the instant case, the party moving for summary judgment will not bear the burden of proof at trial, they are not required to negate all essential elements of the adverse party’s claim, but rather to point out to the court that an absence of factual support exists for one or more elements essential to the adverse party’s claim.[1] If the adverse party fails to produce factual support sufficient to establish that it will be able to satisfy its evidentiary burden of proof at trial, the movant is entitled to judgment as a matter of law.[2] The adverse party cannot rest on mere allegations when a motion for summary judgment is made and supported by affidavits, but is required to present evidence establishing that material facts are still at issue.[3]
12Whether a fact is “material” for summary judgment purposes can only be determined based on the governing substantive law.[4] The governing substantive law in this case is the Louisiana Whistleblower Statute.[5] Under the statute, the plaintiff must prove an actual violation of a state law, not just a good faith belief that a law was broken.[6] In this case, Walter Farris, the Ritz-Carlton’s asset manager testified in his deposition that Russell Miller had authorization to remove the furniture from *39 storage and use it at his home.[7]
The issue of credibility is not before the court on a motion for summary judgment. So in the absence of competent evidence that directly contradicts the sworn statements that permission was given to Mr. Miller to use the furniture, those statements must be taken as true. Therefore, as the trial court found, Mr. Danna will not be able to establish that a state law was violated which is fatal to his whistleblower claim.
For these reasons I disagree with the majority’s reversal of the trial court’s dismissal of Deon Danna’s claims under the Louisiana Whistleblower Statute. In all other respects I concur.
JENKINS, J., concurs in the results.

. Sullivan v. Malta Park, 14-0823, p. 8 (La. App. 4 Cir. 12/10/14), 156 So.3d 1200, 1205-06.

. Id.

. Id.

. Citron v. Gentilly Carnival Club, Inc. 14-1096, p. 13 (La.App. 4 Cir. 4/15/15), 165 So.3d 304, 313.

. La. R.S. 23:967 reads in pertinent part:
A. An employer shall not take reprisal against an employee who in good faith, and after advising the employer of the violation of law:
(!) Discloses or threatens to disclose a workplace act or practice that is in violation of state law.
(2) Provides information to or testifies before any public body conducting an investigation, hearing, or inquiry into any violation of law.
(3) Objects to or refuses to participate in an employment act or practice that is in violation of law.

. Ross v. Oceans Behavioral Hosp. of Greater New Orleans, 14-368 (La.App. 5 Cir. 11/25/14), 165 So.3d 176; Mabry v. Andrus, 45, 135 (La.App. 2 Cir. 4/14/10), 34 So.3d 1075; see also, Hale v. Touro Infirmary, 04-0003 (La.App. 4 Cir. 11/3/04), 886 So.2d 1210.

. Mr. Farris’ representations were further supported by several other company executives.