RYAN BUNCH

VERSUS

CASSANDRA RABIUS

NO. 23-C-142

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Susan S. Buchholz
Chief Deputy, Clerk of Court

June 21, 2023

Susan Buchholz
Chief Deputy Clerk

IN RE CASSANDRA RABIUS

APPLYING FOR SUPERVISORY WRIT FROM THE TWENTY-NINTH JUDICIAL DISTRICT COURT, PARISH OF ST CHARLES, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE CONNIE M. AUCOIN, DIVISION "C", NUMBER 78,881

Panel composed of Judges Fredericka Homberg Wicker, Marc E. Johnson, and Robert A. Chaisson

**WRIT GRANTED; NOVEMBER 22, 2022 JUDGMENT VACATED; ORIGINAL JUDGMENT REINSTATED, AS AMENDED**

Relator, Cassandra Rabius, seeks review of the trial court's amended judgment rendered on November 22, 2022. In her application, Relator argues that the trial court's amended judgment makes substantive changes to the child support decree rendered on June 30, 2022; thus, the amended judgment is null and void.

In this matter, a *de novo* trial on the merits as to custody, child support and various outstanding contempt motions was held before the trial court on February 23-25, 2022. The trial court rendered a judgment for the February trial on June 30, 2022, awarding the joint care, custody, and control of the minor child, Kelsi Rabius, to both Relator and Plaintiff, Ryan Bunch. Mr. Bunch was designated the primary domiciliary parent. In addition to a detailed visitation schedule, the judgment ordered that Relator continue to carry the child on her health and dental insurance, and all other expenses for the child be split 50/50 by both parents. It also denied any

other relief requested by either of the parties that was heard at the hearing but not specifically addressed in the judgment. In its extensive written reasons for judgment, the trial court pointed out that "this case has been in a perpetual state of litigation…spanning eight years, two states, three judges, six attorneys and three volumes in the Clerk of Court's record." As to the specific issue of child support, the trial judge found that neither party presented sufficient evidence to allow the court to make a determination, in light of the court's custody ruling. The trial court stated that a ruling on child support would be deferred until a new motion for child support was filed presenting the court with adequate evidence to make such a determination.

On October 13, 2022, Mr. Bunch filed a "Motion to Re-Set Hearing on Child Support," wherein he requested that the September 4, 2014 petition for child support be ordered pursuant to the June 20, 2022 reasons for judgment. An *ex parte* order was issued by the trial court, setting a hearing date and ordering Relator to produce certain documents for inspection by Mr. Bunch's counsel of record. In response, Relator filed an exception of no cause of action and a motion to stay or vacate the *ex parte* order. In her brief, Relator argued that Mr. Bunch has no cause of action to reset his September 4, 2014 petition because his child support request had been denied in the June 30, 2022 judgment.

The motions filed by Relator[1] and Mr. Bunch and Relator's exception were heard by the trial court on November 18, 2022. The motion for new trial of the February hearing was denied. The trial court orally reasoned that the June 30, 2022 judgment was deficient because "[t]he reasons for judgment at page 17 were very clear that I was deferring ruling on the child support issue." It was then determined that the court would amend the June 30, 2022 judgment, on its own motion.

---

[1] Relator also filed a motion for new trial of the June 30, 2022 judgment.

The trial court rendered its amended judgment on November 22, 2022. The child custody arrangement and visitation schedule remained the same as ordered in the June 30, 2022 judgment. However, the amended judgment added, "**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the Court will defer ruling on child support until a Motion is filed presenting this Court with adequate evidence (worksheets) to make such a determination."

La. C.C.P. art. 1951 provides, "On motion of the court or any party, a final judgment may be amended at any time to alter the phraseology of the judgment or to correct deficiencies in the decretal language or errors of calculation." La. C.C.P. art. 1951 allows the amendment of judgments to correct errors in calculation and to alter the phraseology of the judgment, but it does not authorize a trial court to make substantive amendments to final judgments. *Pitre v. Louisiana Thoroughbred Breeders Ass'n*, 21-195, p. 3 (La. App. 5 Cir. 7/5/22), --- So.3d ---, 2022WL2437560. An amendment to a judgment that adds to, subtracts from, or in any way affects the substance of the judgment is considered a substantive amendment. *Id. Benoit v. Benoit*, 21-864 (La. App. 1 Cir. 4/4/22), 341 So.3d 719, 730, *writ not considered*, 22-951 (La. 10/4/22), 347 So.3d 890. Failure to comply with the requirements of La. C.C.P. art. 1951 results in the annulment and setting aside of the amended judgment and reinstatement of the original judgment. *Pitre, supra*.

In the instant matter, the trial court added language in the amended judgment that deferred its ruling on child support. Although the written reasons for judgment stated that the child support determination would be deferred, the original judgment made no mention of that deferment.[2] In the original judgment, the trial court set forth orders for the health insurance, dental insurance, and "[a]ny and all other

---

[2] The written reasons for judgment are merely an explication of the trial court's determination, and do not alter, amend, or affect the final judgment. *Mariana v. Magnolia Auto Transport, LLC*, 21-447 (La. App. 5 Cir. 5/26/22), 341 So.3d 1281, 1293.

expenses" for the child. It also denied any relief that was not specifically addressed in the judgment. Furthermore, the trial court denied the motion for new trial of the June 30, 2022 judgment. Consequently, without a successfully litigated application for new trial, action for nullity, or appeal, we find that the trial court improperly amended the original judgment with a substantive change by adding the language that deferred the child support determination. (*See*, *State ex rel. Dep't of Soc. Serv. V. A.P.*, 02-2372 (La. App. 1 Cir. 6/20/03), 858 So.2d 498, 503, where the First Circuit held, "The trial court cannot, as here, deny a motion for new trial and amend a judgment.").[3] Thus, we conclude that the November 22, 2022 amended judgment is null and without legal effect. Therefore, we reinstate the original June 30, 2022 judgment.

However, upon consideration of the unique circumstances presented in this case and the impact that the trial court's error may have on the best interest of the minor child involved in this complex, contentious, and ongoing litigation in which the child's best interests have not been considered by the parties, we exercise our supervisory jurisdiction for the sparingly used practice in this Court, to amend the June 30, 2022 judgment to comply with the trial judge's clear intent.[4] We hereby amend the June 30, 2022 judgment to provide:

---

[3] *See also*, *Thomas v. Williams*, 48,003 (La. App. 2 Cir. 5/15/13), 115 So.3d 715, 720, where the Second Circuit held, "Under La. C.C.P. art. 1951, the trial court cannot substantively amend a final judgment even to express the court's actual intent or to conform the judgment to the court's oral or written reasons for judgment."

[4] *See* La. C.C.P. art. 2201 ("Supervisory writs may be applied for and granted in accordance with…rules of the supreme court and other courts exercising appellate jurisdiction.); Uniform Rules of Court, Courts of Appeal, Rule 5-4 titled "Applicability of Rules" for "Procedures for Writs and Appeals in Certain Cases Involving Minors", including cases in which there is a modification of any custody arrangement ("All other Rules *or laws* regulating writs *or appeals*, not inconsistent with the foregoing, shall apply."); La. C.C.P. art. 2164 (The appellate court shall render any judgment which is just, legal, and proper upon the record on appeal).

*See also* the following cases, where the court of appeal has substantively amended final judgments, to correct a patent error: *Donley v. Hudson's Salvage LLC*, 13-1499 (La. App. 1 Cir. 3/21/14), 2014 WL 1165871, discussing *Gray v. Holiday Inns, Inc.*, 99–1292 (La. App. 1 Cir. 6/23/00), 762 So.2d 1172, 1174–1175 (where the trial court made an "obvious clerical error in casting Holiday Inns, Inc. in judgment rather than MM Louisiana, Inc.," the appellate court amended the judgment under the authority granted it by La. C.C.P. art. 2164 to name the correct defendant); *Harvey v. Traylor,* 96–1321 (La. App. 4 Cir.2/5/97), 688 So.2d 1324, 1329, *writ denied,* 97–0587 (La.4/18/97), 692 So.2d 454 (where, after finding the trial court erred in amending a judgment after it was divested of jurisdiction and without a contradictory hearing as required for a substantive change, the appellate court amended the judgment under La. C.C.P. art. 2164, where it "was obvious that the trial court's intent was to cast the Sheriff's Office in judgment"); *see also Carter v. Brothers Lapalco, L.L.C.,* 13–1 (La. App. 5 Cir.5/16/13), 118 So.3d 1194, 1197 (where the appellate court amended a judgment that erroneously named a nonparty pursuant to La. C.C.P. art. 2164), and *Turnstall v. Stierwald,* 809 So.2d at 920–921 (where, after the district court changed the name of a party cast in judgment without a contradictory hearing, the Supreme Court, pursuant to La. C.C.P. art. 2164, vacated the amended judgment, reinstated the original judgment, then revised the original judgment to delete a "non-

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Court will defer ruling on child support until a Motion is filed in this Court with adequate evidence (worksheets) presented to make such a determination.

Accordingly, this writ application is granted, the November 22, 2022 amended judgment is annulled and set aside, and the June 30, 2022 judgment is reinstated, as amended herein by this Court.

Gretna, Louisiana, this 21st day of June, 2023.

**MEJ**
**FHW**
**RAC**

---

entity" and add in its place the proper party defendant); *see also Acadian Heritage Realty v. City of Lafayette*, 434 So.2d 180 (La. App. 3d Cir. 1983)(wherein the court amended a judgment to comply with the clear intent reflected in the court's reasons for judgment).

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
CORNELIUS E. REGAN, PRO TEM

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN
TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS
DAY **06/21/2023** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF
THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY
COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 23-C-142

**E-NOTIFIED**

29th Judicial District Court (Clerk)
Honorable Connie M. Aucoin (DISTRICT JUDGE)
Corey M. Oubre (Respondent)              Richard L. Ducote (Relator)

**MAILED**