# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-31179
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 22, 2015

Lyle W. Cayce
Clerk

TREGG WILSON,

Plaintiff - Appellant

v.

MIKE TREGRE, Sheriff, Individually and in his Official Capacity as Sheriff,
St. John the Baptist Parish, Louisiana,

Defendant - Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:13-CV-5612

Before HIGGINBOTHAM, JONES, and HIGGINSON, Circuit Judges.

STEPHEN A. HIGGINSON, Circuit Judge:

Tregg Wilson appeals the district court's grant of summary judgment in favor of his former employer, Sheriff Mike Tregre, dismissing his claims under 42 U.S.C. § 1983 and Louisiana state law. For the following reasons, we AFFIRM.

## FACTS AND PROCEEDINGS

Wilson was formerly employed as Chief Deputy in the Sheriff's office of St. John the Baptist Parish, Louisiana. In May 2013, during his employment as Chief Deputy, Wilson learned that the interrogation rooms in the Criminal

No. 14-31179

Investigative Division of the Sheriff's Office were under 24-hour video and audio surveillance. There was visible camera equipment in each room. In addition to sending a video feed to the Criminal Investigative Division's computer network where the interviews could be manually recorded, Wilson learned that the equipment also operated on a motion-activated sensor that automatically sent recordings to a "Milestone Server" that saved recordings for up to thirty days.

Wilson, who is also an attorney, believed that this recording equipment might present legal problems for the Sheriff's Office. He discussed his concerns with Sheriff Tregre, who then ordered an internal investigation. Wilson also reported his concerns to Internal Affairs and the District Attorney, who requested that the State Police investigate the issue. The Louisiana State Police conducted an investigation and interviewed Wilson. The State Police ultimately issued a report that concluded that the Sheriff's Office had not violated any criminal laws. The District Attorney also requested that the Sheriff's Office produce all videos recorded in the interrogation rooms so that they could be reviewed under *Brady v. Maryland*, 373 U.S. 83 (1963).

On June 10, 2013, Sheriff Tregre terminated Wilson's employment. Wilson then filed this lawsuit, raising claims under 42 U.S.C. § 1983, the Louisiana Constitution, and the Louisiana whistleblower statutes. The district court granted summary judgment in favor of Sheriff Tregre and dismissed all of Wilson's claims. The district court also denied Wilson's motion for a new trial, which the district court construed as a motion to amend the judgment, and Wilson's motion to voluntarily dismiss without prejudice one of Wilson's whistleblower claims. This appeal timely followed.

**STANDARD OF REVIEW**

This court reviews a district court's grant of summary judgment de novo, applying the same standards as the district court. *Rogers v. Bromac Title*

No. 14-31179

*Servs., L.L.C.*, 755 F.3d 347, 350 (5th Cir. 2014). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In deciding whether a fact issue exists, courts must view the facts and draw reasonable inferences in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). This court is "not limited to the district court's reasons for its grant of summary judgment and may affirm the district court's summary judgment on any ground raised below and supported by the record." *Rogers*, 755 F.3d at 350 (internal quotation marks omitted).

## DISCUSSION

### I.    First Amendment Retaliation Claim

To succeed in a First Amendment retaliation claim under § 1983, a public employee must show: "(1) he suffered an adverse employment action; (2) he spoke as a citizen on a matter of public concern; (3) his interest in the speech outweighs the government's interest in the efficient provision of public services; and (4) the speech precipitated the adverse employment action." *Nixon v. City of Houston*, 511 F.3d 494, 497 (5th Cir. 2007) (internal quotation marks and citations omitted). Although the district court held that Wilson suffered an adverse employment action, the district court nevertheless held that Wilson's First Amendment claim failed because there was no genuine issue of fact on the second element, that is, that Wilson was speaking not as Chief Deputy of the Sheriff's Office, but as a private citizen. We agree.

"An employee is not speaking as a citizen—but rather in his role as an employee—when he makes statements pursuant to his official duties." *Id.* (alterations omitted) (quoting *Garcetti v. Ceballos*, 547 U.S. 410, 421 (2006)) (internal quotation marks omitted). As the Supreme Court recently explained, "[t]he critical question under *Garcetti* is whether the speech at issue is itself

3

ordinarily within the scope of an employee's duties." *Lane v. Franks*, 134 S. Ct. 2369, 2379 (2014).

In this case, Wilson was acting in his official duties as the Chief Deputy at all the relevant times. When Wilson relayed his concerns to Sheriff Tregre and to Internal Affairs, he was simply reporting potential criminal activity up the chain of command. *See Davis v. McKinney*, 518 F.3d 304, 313 & n.3 (5th Cir. 2008). Wilson's disclosures to the District Attorney and then to the State Police also fell within the scope of his employment. As a law enforcement officer, Wilson was required to report any action that he believed violated the law. *See* La. Att'y Gen. Op. No. 94-105 (Apr. 13, 1994), *available at* 1994 WL 330222 (explaining that the Parish Sheriff has a duty to "enforce[e] all state, parish, local laws and ordinances" "even in situations where others are charged with the duty of enforcing ordinances"); *see also Charles v. Grief*, 522 F.3d 508, 514 (5th Cir. 2008) (recognizing that a sheriff's deputy holds a "professional position of trust and confidence"); *Williams v. Dall. Indep. Sch. Dist.*, 480 F.3d 689, 693 (5th Cir. 2007) (per curiam) (recognizing that speech required by one's position as an employee is not protected by the First Amendment). In short, because we agree with the district court that Wilson's complaints about the recordings were made within the scope of his employment, his speech was not protected by the First Amendment.

## II.    Supplemental Jurisdiction

After the district court dismissed Wilson's First Amendment claim, the only claims remaining in the lawsuit arose under Louisiana state law. When a district court dismisses all federal claims in a lawsuit, "the court generally retains discretion to exercise supplemental jurisdiction, pursuant to § 1367, over pendent state-law claims." *Del-Ray Battery Co. v. Douglas Battery Co.*, 635 F.3d 725, 731 (5th Cir. 2011). The district court "may," however, "decline to exercise supplemental jurisdiction over a [state-law] claim . . . if . . . the claim

raises a novel or complex issue of State law." 28 U.S.C. § 1367(c). This court reviews the district court's decision to retain supplemental jurisdiction for abuse of discretion, looking both to the statutory factors in § 1367(c) and the common law factors of "judicial economy, convenience, fairness, and comity." *Enochs v. Lampasas Cnty.*, 641 F.3d 155, 159 (5th Cir. 2011).

On appeal, Wilson argues that the district court erred in exercising supplemental jurisdiction because his state-law claims were novel and complex. We find, however, that the district court did not abuse its discretion because Wilson's state-law claims were neither novel nor complex. Moreover, as the district court recognized, the claims were ripe for disposition: the matter had been pending in the district court for one year, discovery had closed, and the case was set for trial less than one month after the district court's order. We agree with the district court that it would have been a waste of judicial resources to decline to exercise supplemental jurisdiction.

## III.  Whistleblower Claims

Moving to the merits of Wilson's state-law claims, Wilson alleged two whistleblower claims: one under Louisiana Revised Statute § 23:967 and the other under Louisiana Revised Statute § 42:1169. The district court granted summary judgment on both.

### a.  La. Rev. Stat. § 23:967

To qualify for protection under the Louisiana Whistleblower Statute, a plaintiff must prove that his employer committed an *actual* violation of state law. *Ross v. Oceans Behavioral Hosp. of Greater New Orleans*, 14-368, p. 7 (La. App. 5 Cir. 11/25/14); — So. 3d —, 2014 WL 6687260; *Mabry v. Andrus*, 45,135, p. 9 (La. App. 2 Cir. 4/14/10); 34 So. 3d 1075, 1081. The statute states:

> An employer shall not take reprisal against an employee who in good faith, and after advising the employer of the violation of law:
>
> > (1) Discloses or threatens to disclose a workplace act or practice that is in violation of state law.

No. 14-31179

(2) Provides information to or testifies before any public body conducting an investigation, hearing, or inquiry into any violation of law.

(3) Objects to or refuses to participate in an employment act or practice that is in violation of law.

La. Rev. Stat. Ann. § 23:967(A).

The district court held that Wilson failed to qualify for protection under the Whistleblower Statute because Wilson failed to demonstrate that the Sheriff's Office actually violated any law. First, the district court held that that the attorney–client privilege is a testimonial privilege that a witness or a litigant can assert, not a substantive law that the Sheriff's Office could have violated. Next, the district court held that Wilson failed to show a violation of either the Fourth Amendment or the Louisiana wiretapping laws because Wilson failed to raise a genuine issue of fact on whether individuals in the interrogation rooms had a reasonable expectation of privacy. *See In re U.S. for Historical Cell Site Data*, 724 F.3d 600, 615 (5th Cir. 2013); *State v. Smith*, 2002-2736, p. 6 (La. App. 4 Cir. 5/21/03); 848 So. 2d 650, 654. Significantly, the recording equipment in the interrogation rooms was visible.[1] The district court further held that Article 716 of the Louisiana Code of Criminal Procedure is primarily a procedural discovery rule to which § 23:967 does not apply. Upon written motion of a criminal defendant, Article 716 simply requires Louisiana courts to order the District Attorney to disclose certain evidence to the defendant. *See* La. Code Crim. Proc. Ann. art. 716(A). As the district court explained, however, there is no independent cause of action for a violation of

---

[1] Wilson's assertion that "defendants were being assured they were not being recorded as they spoke with their attorney in the interrogation room" is not supported by the summary-judgment record. The deposition testimony that Wilson cites merely states that the Sheriff's Office "may give [suspects and their attorneys] a few minutes" alone in the interrogation room. During that time, the Office might "turn the monitor off." Wilson identifies no testimony in the record confirming that the Sheriff's Office would inform suspects or their attorneys that they would turn the monitor off.

this procedural rule, outside of the remedies that a court can design during a specific criminal proceeding. *See State v. Clark*, 446 So. 2d 293, 296 (La. 1984) (recognizing that trial courts have discretion to design a remedy that serves "the interest of justice" when a party fails to make a full disclosure under the rule). Moreover, there was no evidence in the record that the Sheriff's Office failed to make a full disclosure under this rule in any particular criminal case. Finally, the district court held that there was no genuine issue of fact on whether the Sheriff's Office violated *Brady v. Maryland* because Wilson failed to submit evidence supporting his claim that the Sheriff's Office actually failed to turn over evidence that was favorable to any specific criminal defendant and caused actual prejudice. *See Skinner v. Switzer*, 131 S. Ct. 1289, 1300 (2011).

We agree with the district court's analysis. We further observe that even if Wilson had raised a genuine issue of fact on a possible Fourth Amendment violation, that violation would likely not have triggered protection under the Louisiana Whistleblower Statute because that statute is only triggered by violations of Louisiana law, not federal law.[2] *See Beard v. Seacoast Elec., Inc.*, 2006-1244, p. 3 (La. App. 4 Cir. 1/24/07); 951 So. 2d 1168, 1170–71. Similarly, we also note that because *Brady* established a rule of federal law under the Fourteenth Amendment, a *Brady* violation, if there were one, would also not trigger protection under Louisiana's Whistleblower Statute.[3] *See id.*

Because Wilson has not shown that the Sheriff's Office committed an actual violation of Louisiana law, the district court was correct to dismiss his claim under the Louisiana Whistleblower Statute.

---

[2] Wilson never argued that the Sheriff's Office violated Article 1, section 5 of the Louisiana Constitution, which guarantees a right to privacy.

[3] Wilson cited the due process clause of the Louisiana Constitution for the first time in his reply brief on appeal. We will not consider that argument. *See Flex Frac Logistics, L.L.C. v. N.L.R.B.*, 746 F.3d 205, 208 (5th Cir. 2014) ("Ordinarily, arguments raised for the first time in a reply brief are waived.").

**b. La. Rev. Stat. § 42:1169**

Wilson did not oppose Sheriff Tregre's summary-judgment motion on Wilson's § 42:1169 whistleblower claim because Wilson admitted that he did not file a report with the Louisiana State Ethics board as required by the statute. *See* La. Rev. Stat. Ann. § 42:1169(B). Nevertheless, after this claim had already been dismissed, Wilson returned to the district court to seek leave to voluntarily dismiss his § 42:1169 claim without prejudice so that he could then proceed in front of the Board. The district court's denial of Wilson's request was not an abuse of discretion. *See United States ex rel. Doe v. Dow Chem. Co.*, 343 F.3d 325, 329 (5th Cir. 2003) (reviewing a district court's denial of a motion to voluntarily dismiss a claim for abuse of discretion). Section 42:1169 does not provide a private right of action for Wilson to sue in either state or federal court. *See Collins v. State ex rel. Dep't of Natural Res.*, 2012-1031, p. 6–7 (La. App. 1 Cir. 5/30/13); 118 So. 3d 43, 47–48. We therefore affirm the district court's dismissal of this claim with prejudice.

## CONCLUSION

For the reasons stated above, we AFFIRM the judgment of the district court.