# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-41004
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 25, 2017

Lyle W. Cayce
Clerk

NORA G. RODRIGUEZ,

     Plaintiff - Appellee

v.

CITY OF CORPUS CHRISTI,

     Defendant - Appellant

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 2:13-CV-134

Before HIGGINBOTHAM, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:*

     In this free speech retaliation case, the Defendant City of Corpus Christi (the "City") appeals the district court's denials of its motions for judgment as a matter of law and motion for new trial, which resulted in a money judgment reflecting the jury's verdict in favor of Plaintiff Nora G. Rodriguez. We REVERSE and RENDER judgment in favor of the City.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-41004

## I. Background

Rodriguez worked as an administrative assistant to the director of the administrative division at the City's municipal court. This typically involved preparing presentations and interview packets, scheduling interviews, typing correspondence, maintaining the director's calendar, arranging travel plans, managing personnel files, and processing invoices and payroll. The director testified that she acted as "sort of the receptionist. She was my executive secretary and she held a series of clerical or administrative functions that she performed." The assistant director, Monica Lewis, also had authority to assign Rodriguez projects.

On October 11, 2012, Rodriguez witnessed an altercation between Monica Lewis and Sandi Santana, another court employee. Rodriguez testified that Sandi was very upset and confrontational about an allegation of corruption. The loud confrontation led Rodriguez to be concerned about her and Monica's safety, so much so that she at one point intended to call a marshal. After the confrontation, Monica asked Rodriguez to write a statement about what she witnessed. Rodriguez obliged and forwarded the statement to the court's human resources department. The statement is excerpted in its entirety:

No. 16-41004

Employee Statement: Nora G. Rodriguez                    Date: October 11, 2012

Date of incident: 10/11/12 @ 8:50 a.m., Sandi Santana came to the Administration Office and asked if Jay was in his office. I answered "Yes" and she walked over to Jay's office. I did not hear all that was being said, but she seemed upset and was speaking to Jay loud enough that I could hear her in the front office. She would interrupt Jay when he would try to speak to her. As I was going to Monica Lewis' office, she came up from behind and also entered Monica's office. Monica was meeting with Laura Garza, supervisor of Financial Services. Sandi walked in and stated "Oh good! You're both here because I want to set the record straight". Monica stated she tried calling Sandi that morning to speak to her and Sandi then said "Well bring it on!" She then sat down and mentioned a defendant by the name of Naomi Santana. At that point, I walked out of Monica Lewis' office and went back to my work station. She got so loud with Laura and Monica that I could hear her in the front office. She was there for approximately 5 minutes. She then stormed out, passed my workstation station and yelled back to Monica "I welcome it!".

_Nora Rodriguez_
Nora Rodriguez
Management Assistant

On January 7, 2013, the City terminated Rodriguez's employment. Rodriguez sued the City under 42 U.S.C. § 1983, alleging that the City fired her for exercising her First Amendment right to free speech. The City moved for summary judgment, which the district court eventually denied. The district court also denied the City's pre-verdict motion for judgment as a matter of law, which was based on similar legal arguments to those made in the City's motion for summary judgment. The jury returned a verdict in Rodriguez's favor, and she was awarded a judgment of $556,166.66. The City filed a renewed motion for judgment as a matter of law on substantially the same grounds argued in its original motion. That motion was also denied. The district court entered final judgment on March 8, 2016. The City filed a motion for new trial, which the district court also denied. The City timely appealed.

II.  Standard of Review

Our review of a jury's verdict is "especially deferential." *SMI Owen Steel Co. v. Marsh U.S.A., Inc.*, 520 F.3d 432, 437 (5th Cir. 2008) (quoting *Flowers v.*

No. 16-41004

*S. Reg'l Physician Servs., Inc.*, 247 F.3d 229, 235 (5th Cir. 2001)).  We review the denial of a motion for judgment as a matter of law de novo but apply the same legal standard as the district court.  *Baisden v. I'm Ready Prods., Inc.*, 693 F.3d 491, 498 (5th Cir. 2012).  We also draw all reasonable inferences in the light most favorable to the verdict.  *Westlake Petrochems., L.L.C. v. United Polychem*, *Inc.*, 688 F.3d 232, 239 (5th Cir. 2012).

### III. Discussion

To succeed in this First Amendment retaliation claim, Rodriguez must show that: "'(1) [she] suffered an adverse employment action; (2) [she] spoke as a citizen on a matter of public concern; (3) [her] interest in the speech outweighs the government's interest in the efficient provision of public services; and (4) the speech precipitated the adverse employment action.'"  *Wilson v. Tregre*, 787 F.3d 322, 325 (5th Cir. 2015) (quoting *Nixon v. City of Houston,* 511 F.3d 494, 497 (5th Cir. 2007)).  Evaluation of the second prong is a question of law to be resolved by the court.  *Graziosi v. City of Greenville*, 775 F.3d 731, 736 (5th Cir. 2015).  The City argues that the district court erred in its ruling as to this legal question, arguing that Rodriguez did not speak as a citizen.  We agree.

"[W]hen public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes, and the Constitution does not insulate their communications from employer discipline."  *Garcetti v. Ceballos*, 547 U.S. 410, 421 (2006).  Therefore, our first question is to determine if Rodriguez spoke as a citizen or if she spoke as an employee in making her statement to the court's human resources department.  "The Supreme Court has declined to articulate a comprehensive framework for determining whether and when a public employee is speaking as a citizen," leaving the lower courts to conduct a fact-intensive "practical"

4

analysis. *Hardesty v. Cochran*, 621 F. App'x 771, 776 (5th Cir. 2015) (unpublished) (citing *Garcetti*, 547 U.S. at 424; *Gibson v. Kilpatrick*, 773 F.3d 661, 667 (5th Cir. 2014)). The Court has stated, however, that "[t]he critical question under *Garcetti* is whether the speech at issue is itself ordinarily within the scope of an employee's duties, not whether it merely concerns those duties." *Lane v. Franks*, 134 S. Ct. 2369, 2379 (2014). We focus on the role of the speaker, rather than the content of the speech. *Anderson v. Valdez*, No. 15-40836, ---F.3d---, 2016 WL 7667301, at \*6 n.32 (5th Cir. Nov. 9, 2016) (quoting *Williams v. Dall. Indep. Sch. Dist.*, 480 F.3d 689, 692–93 (5th Cir. 2007)).

We have recently explained that an "employee's speech is made pursuant to his official duties when that speech is 'made in the course of performing his employment' whether or not that speech was specifically 'demanded of [the employee].'" *Valdez*, 2016 WL 7667301, at \*8 (quoting *Williams*, 480 F.3d at 694). In *Valdez*, we consulted state agency law to aid in our evaluation of this question. *Id.* at \*8–10. Specifically, we asked whether the employee was subject to the employer's control and whether the employee's course of conduct was "intended . . . to serve any purpose of the employer." *Id.* (quoting RESTATEMENT (THIRD) OF AGENCY § 7.07). We have also determined that a public employee acts as an employee, rather than a citizen, when he decides to raise complaints about his job duties up the "chain of command." *Davis v. McKinney*, 518 F.3d 304, 313 (5th Cir. 2008) (collecting cases). Furthermore, we have held that an employee's decision to take "his . . . concerns to persons outside of the work place" usually supports a decision that the employee was acting as a citizen, *id.*, and we have noted whether the employee was asked or required to engage in the relevant speech, or if he did so "on his own initiative," *Valdez*, 2016 WL 7667301, at \*10.

No. 16-41004

Here, Rodriguez presented uncontroverted evidence that her duty with the court was administrative. In her own words, her duties were to "work on presentations[,] . . . prepare interview packets, schedule interviews . . . , type up correspondence . . . ma[k]e travel arrangements, ke[ep] her [supervisor's] calendar, [and to] process[] invoices[] [and] payroll." Rodriguez testified that she had no supervisory responsibilities and that she prepared her statement to human resources voluntarily. But Rodriguez also testified that her superior, Monica Lewis, asked Rodriguez to send a statement to human resources about the incident. Furthermore, the director of the City's human resources department testified that employees are expected "to cooperate with any investigation, including giving a witness statement."

Viewing Rodriguez's testimony in the light most favorable to the verdict and comparing these facts to our past decisions, we conclude that Rodriguez's statement was made in the ordinary course of her employment. We have previously stated that "assisting in an employer's investigation into workplace theft is ordinarily within the scope of an employee's job duties." *Caleb v. Grier*, 598 F. App'x 227, 236 (5th Cir. 2015)(unpublished),[1] *cert. denied*, 135 S. Ct. 2813 (2015). We see no reason why assisting in an investigation into a workplace confrontation should be treated differently. Furthermore, under agency law principles, the statement appears to have been intended for the benefit of the employer. In fact, although Rodriguez considered her action to be voluntary, she admitted that assistant director Monica Lewis, who had authority to assign Rodriguez work, requested that she make the statement to human resources. Rodriguez thus did not act solely on her own initiative but did so pursuant to a supervisor's directive. *See Williams*, 480 F.3d at 693–94

---

[1] Although *Caleb* is not "controlling precedent," it "may be [cited as] persuasive authority." *Ballard v. Burton*, 444 F.3d 391, 401 n.7 (5th Cir. 2006) (citing 5TH CIR. R. 47.5.4).

No. 16-41004

(concluding that the plaintiff acted as an employee despite the fact that he was not required to write a memoranda complaining about funding).  Furthermore, Rodriguez's raising of concerns about an incident that she witnessed at work with her employer's human resources department, rather than to the public, represents a chain-of-command complaint that is ordinarily within the scope of every public employee's duty.  *See Davis*, 518 F.3d at 313; *cf. Howell v. Town of Ball*, 827 F.3d 515, 524 (5th Cir. 2016) ("Howell's statements to the FBI were made outside the normal chain of command and without the knowledge or permission of anyone else in the police department."), *cert. denied sub nom. Town of Ball, La. v. Howell* (U.S. Jan. 17, 2017).  On these facts, we conclude as a matter of law that Rodriguez acted as an employee.

Accordingly, we REVERSE the district court's denial of Rodriguez's motion for judgment as a matter of law.  Because there is no remaining dispute, we also RENDER judgment in favor of the City.