**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**FILED**

June 15, 2020

Lyle W. Cayce
Clerk

No. 19-60116

KENNETH M. JONES,

      Plaintiff – Appellee,

v.

THE MISSISSIPPI SECRETARY OF STATE DELBERT HOSEMANN, Individually and in His Official Capacity; CARLA THORNHILL, Individually and in Her Official Capacity; DOUG DAVIS, Individually and in His Official Capacity; KIM TURNER, Individually and in Her Official Capacity,

      Defendants – Appellants.

---

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:18-CV-281

---

ON PETITION FOR REHEARING

Before ELROD, WILLETT, and OLDHAM, Circuit Judges.

PER CURIAM:*

      Treating the Appellee's Petition for Rehearing En Banc as a Petition for Panel Rehearing, it is GRANTED. The prior opinion, *Jones v. Hosemann*, ___ F. App'x ___, 2020 WL 1510408 (5th Cir. Mar. 27, 2020), is withdrawn, and the following opinion is substituted:

---

      * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-60116

Kenneth Jones worked for the Mississippi Secretary of State before being denied a promotion and ultimately terminated. He challenged both adverse employment decisions. In relevant part, the district court denied the defendants' motion to dismiss Jones's claims under 42 U.S.C. § 1983. Three individual defendants appealed. We vacate and remand.

I.

Jones is an African-American man who worked as a Lobbying Compliance Officer for the Mississippi Secretary of State. After working there for nearly ten years, he applied to become the Director of Compliance. He interviewed but was told he was not the "right fit." The person hired was white and had significantly less career experience and education.

Jones filed a complaint with the United States Equal Employment Opportunity Commission ("EEOC"). The EEOC found there was reasonable cause to believe that the Secretary of State's office violated Title VII of the Civil Rights Act. Within a couple months of the EEOC's determination, someone reported that Jones violated the Secretary of State's office policy by being in the building after hours. An investigation ensued, and Jones was fired. He subsequently brought this suit.

In Jones's complaint, he alleged that defendants Doug Davis, Kim Turner, and Carla Thornhill—all employees in the Secretary of State's office— "conspired, colluded, and collaborated to deny" him the promotion. Additionally, Jones said that the investigation into his violation of office policy was "pre-textual" and that his eventual termination was retaliation for his EEOC complaint. Jones brought several claims against the Mississippi Secretary of State, the Secretary of State's office, and the three employees (Davis, Turner, and Thornhill).

The defendants filed a motion to dismiss, which the district court granted in part and denied in part. The district court allowed the following claims to

No. 19-60116

proceed: (1) Jones's claims against the Secretary of State's office for employment discrimination and retaliation under Title VII of the Civil Rights Act; (2) Jones's claims against the three individual employees for racially discriminatory contracting practices under 42 U.S.C. § 1981; and (3) Jones's constitutional claims alleging that the three individual employees violated his First and Fourteenth Amendment rights, *see* 42 U.S.C. § 1983.

The three individual defendants appeal only the district court's denial of their motion to dismiss Jones's § 1983 claims. Since the defendants raised the defense of qualified immunity, we have jurisdiction to review the court's rulings on the § 1983 claims de novo. *See Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009). We express no view on Jones's Title VII or § 1981 claims.

## II.

On appeal, the individual defendants do not allege that the district court erred in applying the familiar two-step framework to assess qualified immunity. *See Pearson v. Callahan*, 555 U.S. 223, 232 (2009). Instead, the employees argue that Jones's complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see* FED. R. CIV. P. 8(a)(2).

When appellants argue that a plaintiff has failed to state a claim for relief as required by Federal Rule of Civil Procedure 8(a)(2), the "sufficiency of [plaintiff's] pleadings is both inextricably intertwined with and directly implicated by the qualified-immunity defense." *Iqbal*, 556 U.S. at 673 (internal quotation marks and citations omitted). We must "tak[e] note of the elements a plaintiff must plead to state a claim . . . against officials entitled to assert the defense of qualified immunity." *Id.* at 675. Jones failed to carry his burden here.

No. 19-60116

A.

First, Jones argues that the three employees violated the Fourteenth Amendment by unconstitutionally discriminating against him on account of his race. We have analogized § 1983 discrimination claims made by public employees (like Jones) to similar claims made under Title VII. *See Lauderdale v. Tex. Dep't. of Criminal Justice*, 512 F.3d 157, 166 (5th Cir. 2007). In doing so, we have stated that invidious discriminatory intent can be shown in the same way under § 1983 as under Title VII—by either direct or circumstantial evidence. *See Lee v. Conecuh Cty. Bd. of Ed.*, 634 F.2d 959, 961–62 (5th Cir. 1981); *Giles v. City of Dallas*, 539 F. App'x 537, 543 (5th Cir. 2013) (per curiam).

Both Jones and the district court proceeded on the assumption that his claim would be akin to a Title VII circumstantial evidence claim. And to make such a claim, a plaintiff would need to show that "he (1) was a member of a protected group; (2) was qualified for his position; (3) suffered an adverse employment action; and (4) received less favorable treatment than similarly situated individuals outside of his protected group." *Giles*, 539 F. App'x at 543. So, proceeding on the assumption that Jones's claim against the individual employees was just like a Title VII claim, the district court denied the employees' motion to dismiss because Jones's complaint contains allegations along these Title VII lines.

But Title VII and § 1983 are different in at least one important way. *See, e.g., Sims v. City of Madisonville*, 894 F.3d 632, 640–41 (5th Cir. 2018) (per curiam). Critically, "[u]nlike Title VII, § 1983 applies to individuals." *Id.* at 640. And since § 1983 applies to individuals, we must be keenly aware of what § 1983 requires before plaintiffs can seek relief from individuals—namely individual causation. *See id.*

In a § 1983 claim, the Supreme Court has told us that "a plaintiff must plead that each Government-official defendant, through *the official's own*

*individual actions*, has violated the Constitution." *Iqbal*, 556 U.S. at 676 (emphasis added); *see id*. at 683 (holding that defendants cannot be held liable "unless they themselves *acted on account of* a constitutionally protected characteristic" (emphasis added)). Only when those individual actions "proximately cause[]" the plaintiff's injury can that plaintiff seek relief under § 1983. *County of Los Angeles v. Mendez*, 137 S. Ct. 1539, 1548 (2017) (citing *Heck v. Humphrey*, 512 U.S. 477, 483 (1994)); *see also Sims*, 894 F.3d at 639 (noting that "individual liability for a government official who violates constitutional rights . . . turns on traditional tort principles of 'but-for' causation").

Requiring a plaintiff to plead individual causation in § 1983 suits makes sense. After all, § 1983 "create[d] a species of tort liability." *Heck*, 512 U.S. at 483 (quoting *Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299, 305 (1986)). The Supreme Court routinely looks to "the common law of torts," *id*., to "determine the elements of, and rules associated with, an action seeking damages for [a constitutional] violation." *Manuel v. City of Joliet*, 137 S. Ct. 911, 920 (2017). And it goes without saying that a fundamental element of common-law torts is causation. *See, e.g., Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 346 (2013) ("Causation in fact—i.e., proof that the defendant's conduct did in fact cause the plaintiff's injury—is a standard requirement of any tort claim.").[1] It is not enough for a plaintiff to simply allege that something unconstitutional happened to him. The plaintiff must plead that each defendant individually engaged in actions that caused the unconstitutional harm.

---

[1] The Supreme Court has articulated different ways that plaintiffs must "plead and prove" the "causal connection" for different constitutional harms. *Nieves v. Bartlett*, 139 S. Ct. 1715, 1722 (2019). But the requirement of pleading and eventually proving causation in § 1983 endures. *See id*. at 1723 (discussing how different cases account for the "problem of causation").

No. 19-60116

Thus, while the prima facie elements of a Title VII claim may establish an *employer*'s liability for intentional discrimination, a § 1983 plaintiff must additionally plead and prove which actions of the *individual defendant* caused the harm. *Sims*, 894 F.3d at 641 ("That individual liability turns on traditional tort principles of whether the particular act was a 'causal link' in the termination."); c*f. Iqbal*, 556 U.S. at 676 ("[Plaintiffs] must plead and prove that the *defendant[s] acted* with discriminatory purpose." (emphasis added)); *Lee*, 634 F.2d at 960 ("[Plaintiff] alleges that defendants Conecuh County Board of Education, its members, and the Superintendent of Schools . . . repeatedly fail[ed] to promote him to a principalship because of his race.").[2]

Turning now to Jones's complaint, it is plainly inadequate under § 1983 because he does not make any allegations about the particular actions of the individual employees. Jones states that he interviewed for a promotion and "that he was not selected for the job." But he does not allege that the three individual employees were the ones who interviewed him, rejected him, or selected someone else for the job. Instead, Jones uses the passive voice and says that a "white male" with fewer qualifications and less experience "was ultimately hired." Jones also alleges that "[t]he only reason given for his non-selection was that he was not the 'right fit.'" But Jones does not allege that any of the three individual employees gave this allegedly false reason.

The one allegation Jones does include is that the three individual employees "conspired, colluded, and collaborated to deny" him the promotion.

---

[2] We respectfully disagree with the view (expressed in the opinion dissenting in part and concurring in the judgment) that the rule of orderliness compels a different result. We are simply following the Supreme Court's command that a § 1983 complaint must include allegations that each individual defendant, through "th[at] official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. And the partial dissent's own authorities appear consistent with that rule; in each case, the defendant was alleged to have personally caused a constitutional harm.

No. 19-60116

But as the Supreme Court counseled in *Twombly*, the "naked assertion of conspiracy" without "factual enhancement" is generally inadequate. 550 U.S. at 557. By not alleging any particular actions taken by the individual defendants, Jones has failed to adequately state a § 1983 race-discrimination claim upon which relief can be granted. FED. R. CIV. P. 8(a)(2); *Iqbal*, 556 U.S. at 676.

## B.

Second, Jones brings a First Amendment retaliation claim under § 1983. To successfully bring such a claim as a public employee, Jones must show "(1) he suffered an adverse employment action; (2) he spoke as a citizen on a matter of public concern; (3) his interest in the speech outweighs the government's interest in the efficient provision of public services; and (4) the speech precipitated the adverse employment action." *Wilson v. Tregre*, 787 F.3d 322, 325 (5th Cir. 2015). And since this is a § 1983 claim against individual defendants, Jones must plead that the individual defendants' "animus against [his] exercise of First Amendment rights is a link in the causal chain that [led] to [his] firing." *Sims*, 894 F.3d at 639; *cf. Nieves*, 139 S. Ct. at 1722 ("To prevail on such a claim, a plaintiff must establish a causal connection between the government defendant's retaliatory animus and the plaintiff's subsequent injury." (internal quotation marks omitted)).

Jones pleaded that after he lost out on the promotion, he filed a claim with the EEOC. The EEOC began investigating. But then someone reported Jones for being in the Secretary of State's office building too late. So, the three individual defendants "initiated an investigation into the reason why [he] was in the building after hours." Jones claims this investigation was "a pre-textual means" to fire him because the defendants "were aware" of the real reason he was in the office after hours.

7

Additionally, Jones claims that on October 11, 2017, the EEOC officially concluded its review and denied the Secretary of State's request for reconsideration. The very next day, October 12, Jones received a notice that the Secretary of State's office intended to discipline him. On October 24, the three individual defendants held a hearing, and Jones was fired on October 30. He claims this was "in retaliation for his filing of [his] EEOC claim." Again, we express no view on whether Jones stated a claim under Title VII.

The issue before us is whether the individual defendants violated the First Amendment by firing him based on an alleged "animus" toward his First Amendment activity (the filing of his EEOC claim). And on that question, Jones alleges nothing. Though the district court seemed to find the sequencing of events leading up to his firing sufficient, that allegation alone is not enough in this case to infer that *each individual defendant* acted with a retaliatory "state of mind." *Iqbal*, 556 U.S. at 683; *cf. Swanson v. Gen. Servs. Admin.*, 110 F.3d 1180, 1188 n.3 (5th Cir. 1997). As a result, the sequencing is "merely consistent with" the defendants' liability, but "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

His other allegations similarly fall short. In order to survive a motion to dismiss, Jones needed to do more than use "labels and conclusions" or "a formulaic recitation of the elements of [his] cause of action." *Twombly*, 550 U.S. at 555. But all Jones alleges is that the individual defendants acted with "pretext" and "in retaliation." Those are purely legal conclusions. Jones does not add "factual content" to these allegations, such as his alleged real reason for being in the office after hours, why defendants would have known this real reason, or any other indicia of the defendants' animus. *Iqbal*, 556 U.S. at 678. Such factual content could allow the court to "infer more than the mere

possibility of misconduct" by the defendants. *Id.* Instead, Jones's complaint is "[t]hreadbare." *Id.* The Federal Rules of Civil Procedure demand more. *Id.*

\*     \*     \*

"Nothing in the record allows us to infer that [Jones] could not or would not amend his complaint to allege more specific facts" consistent with his obligations under the Federal Rules. *Brown v. Taylor*, 829 F.3d 365, 370 (5th Cir. 2016); *see also Biron v. Upton*, 737 Fed. Appx. 713, 716 (5th Cir. 2018) ("[G]enerally it is improper to declare that no better pleading can be offered when the plaintiff has not yet had an opportunity to replead.").

Accordingly, the district court's denial of the motion to dismiss Jones's § 1983 claims is VACATED, and we REMAND to the district court to allow Jones to replead these § 1983 claims and for further proceedings consistent with this opinion.

No. 19-60116

JENNIFER WALKER ELROD, Circuit Judge, dissenting in part and concurring in the judgment:

As discussed fully in my dissent to the now-withdrawn majority opinion, I do not believe repleading is necessary here because our precedent dictates the proper test, which is the same as under Title VII. *See, e.g.*, *Lauderdale v. Tex. Dep't of Criminal Justice*, 512 F.3d 157, 166 (5th Cir. 2007) ("Section 1983 and [T]itle VII are parallel causes of action. Accordingly, the inquiry into intentional discrimination is essentially the same for individual actions brought under sections 1981 and 1983, and Title VII." (internal quotation marks and citations omitted)). Here, the district court determined that Jones had adequately met the pleading threshold for his § 1983 claims based on his allegations establishing the Title VII elements.

Even under the test adopted by the majority, however, Jones sufficiently pleaded his claims. He alleged that the defendants sought his termination by initiating an investigation into an after-hours violation—a violation for which Jones had provided an explanation—and only proceeded with a disciplinary hearing after receiving notice that the EEOC had denied the Secretary of State's request for reconsideration of the agency's determination that reasonable cause existed to believe that Jones had been discriminated against. At the hearing, Jones was fired. He contends that was in retaliation for his filing of the EEOC claim.

Simply put, the district court was correct in its decision to deny the defendants' motion to dismiss. Nevertheless, the majority's decision to allow Jones to replead both of his § 1983 claims under the new standard articulated by the majority is appropriate, and I therefore reluctantly concur in the revised judgment.