# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 30, 2021

Lyle W. Cayce
Clerk

No. 20-40646
Summary Calendar

HECTOR HUGO GARCIA; HECTOR HUGO GARCIA, *as next friend*
L. L. G., *a minor*; HECTOR HUGO GARCIA, *on behalf of* ESTATE OF
ASHLEY KARIME GARCIA,

*Plaintiffs—Appellants*,

*versus*

CITY OF MCALLEN, TEXAS; MICHAEL SOTO,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:19-CV-68

Before HAYNES, WILLETT, and HO, *Circuit Judges.*

PER CURIAM:*

Hector Hugo Garcia, on his own behalf, on behalf of his child L.L.G.,
and on behalf of the estate of his deceased daughter Ashley Karime Garcia

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-40646

(collectively, "Garcia") appeals the denial of a motion to remand a state law claim to state court. We AFFIRM.

Garcia sued various police officers and the City of McAllen (collectively, the "City") in Texas court in connection with a tragic shootout that had resulted in Ashley's death and in serious injuries to L.L.G., bringing claims under 42 U.S.C. § 1983, the Texas Tort Claims Act, and the Texas Public Information Act. The City removed the case to federal district court, and, after numerous amendments and discovery disputes, the district court granted the City judgment on the pleadings on Garcia's § 1983 claim and dismissed Garcia's Texas Tort Claims Act claim for lack of jurisdiction. The City then moved for summary judgment on the remaining Texas Public Information Act claim, which Garcia, in turn, moved to remand to state court. The district court denied Garcia's motion and granted the City summary judgment on the claim. Garcia timely appealed, challenging only the district court's decision denying his motion to remand.

We have jurisdiction to review the district court's final judgment under 28 U.S.C. § 1291. At the time of removal, the district court undisputedly had federal question jurisdiction to address Garcia's § 1983 claim, *see* 28 U.S.C. §§ 1331, 1343, as well as supplemental jurisdiction over his related state law claims, *see* 28 U.S.C. § 1367. The question on appeal is whether the district court erred by continuing to exercise supplemental jurisdiction over Garcia's Texas Public Information Act claim after Garcia's federal claim had been dismissed.

We analyze the district court's decision to continue to exercise supplemental jurisdiction for abuse of discretion. *Powers v. United States*, 783 F.3d 570, 576 (5th Cir. 2015). In that analysis, we balance the four § 1367(c) factors—(1) whether the state law claim raises novel or complex issues; (2) whether the state law claim predominates over federal law claims;

2

(3) whether the federal law claims have been dismissed; and (4) whether there are exceptional circumstances for declining jurisdiction—alongside the four "common law factors" of "judicial economy, convenience, fairness, and [federal–state] comity." *Wilson v. Tregre*, 787 F.3d 322, 326 (5th Cir. 2015) (quoting *Enochs v. Lampasas Cnty.*, 641 F.3d 155, 159 (5th Cir. 2011) (noting that we "consider and balance" all of these statutory and common law factors)).

At the outset, the City argues that the remand question is moot because Garcia does not independently challenge the district court's resolution of his Texas Public Information Act claim on the merits. The City's position stems from a misreading of our unpublished decision in *Romero-Baldazo v. Pan-American Assurance Co.*, No. 98-20271, 1999 WL 824563, at *3 (5th Cir. Oct. 8, 1999). *Romero-Baldazo* does not, as the City suggests, establish a general principle that motions to remand are mooted by a final judgment in the same case; rather, in that case, we merely concluded that a plaintiff's challenge to a district court's remand decision was moot because a *separate* declaratory judgment had already resolved an issue central to the resolution of the plaintiff's state law claims. *Id.* at *2–3. Thus, *Romero-Baldazo* deals only with the rare instance in which some *other* judgment makes the result on remand a foregone conclusion.

This case does not present the same unique circumstances. To the contrary, if the district court should have remanded the matter, its judgment on the merits of the Texas Public Information Act claim would be vacated—leaving the merits ruling for the state court on remand. *See Enochs*, 641 F.3d at 163; *cf. Romero-Baldazo*, 1999 WL 824563, at *3. The controversy, therefore, remains live; Garcia's failure to appeal the merits of his claim does not bar his challenge to the resolution of his motion to remand.

Turning directly to the supplemental jurisdiction challenge, we conclude that the district court did not abuse its discretion in finding that it fails. Although there were no federal claims remaining in the case by the time Garcia filed the motion to remand (and, therefore, the state law claim also necessarily predominated at that point though not before), Garcia did not meaningfully argue that the state law issues were novel or complex[1] and did not identify any exceptional circumstances for declining supplemental jurisdiction beyond the simple fact that his claim involved state law.

Additionally, the common law factors of judicial economy, convenience, and fairness,[2] all weigh strongly in favor of keeping the claim in federal court. By the time Garcia sought remand nearly a year and a half after removal, the parties had long since entered a joint discovery and case management plan; the district court had resolved a range of substantive and procedural motions concerning the merits of the case—including a motion for judgment on the pleadings on the Texas Public Information Act claim itself; and the City had moved for summary judgment on the claim. Sending the case back to state court would require the state court to essentially duplicate those efforts, causing significant delay and wasting judicial resources at both the federal and state levels. Given these considerations, the district court's "substantial familiarity with the merits of the case" means that the judicial economy, convenience, and fairness benefits of continued

---

[1] While Garcia identifies a number of Texas Public Information Act cases on appeal, he did not present any of those cases to the district court. Moreover, none of those cases indicate that the Texas Public Information Act claim at issue in this case is novel or complex in any way.

[2] Garcia does not identify any comity interests at play here other than the general interest in having matters of state law resolved by state courts. That generalized interest is reflected in the § 1367(c) factors, so we conclude that the common-law comity factor does not independently weigh one way or the other.

jurisdiction outweigh the interest in sending the isolated Texas Public Information Act claim back to state court. *Smith v. Amedisys Inc.*, 298 F.3d 434, 447 (5th Cir. 2002) (internal quotation marks and citations omitted) (concluding that exercising supplemental jurisdiction was appropriate because the case had "progressed to the advanced stages of litigation" where there was "little left to do before trial"); *see Wilson*, 787 F.3d at 326 (same where the case had been pending for one year, discovery had closed, and the case was set for trial); *cf. IntegraNet Physician Res., Inc. v. Tex. Indep. Providers, L.L.C.*, 945 F.3d 232, 242–43 (5th Cir. 2019) (concluding that exercising supplemental jurisdiction was inappropriate in part because the case was still "in [its] infancy," as there had been no discovery, no Rule 26(f) conference, and no scheduling order), *overruled on other grounds by Latiolais v. Huntington Ingalls, Inc.*, 951 F.3d 286 (5th Cir. 2020) (en banc).

Thus, the district court acted within its discretion in denying Garcia's motion to remand. Accordingly, we AFFIRM.