# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 23-50108

———————————

United States Court of Appeals
Fifth Circuit

**FILED**
February 26, 2024

Lyle W. Cayce
Clerk

Stanley Mason,

*Plaintiff—Appellant*,

*versus*

City of Waco; Ryan Holt, *Former Acting Chief and Former Chief of The City of Waco Police*,

*Defendants—Appellees*.

———————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:20-CV-844

———————————————————————

Before Wiener, Haynes, and Higginson, *Circuit Judges*.

Per Curiam:[*]

Plaintiff-Appellant Stanley Mason appeals the district court's grant of the defendants' motion for summary judgment. For the reasons set forth below, we AFFIRM.

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-50108

## I.     Factual and Procedural Background

Mason served as a police officer in the Waco Police Department ("Department") for approximately 25 years, until he resigned in 2019. In 2016, Mason began posting a Facebook Live broadcast, which eventually evolved into a radio blog called "Behind the Blue Curtain." His broadcasts covered a range of topics including issues related to policing.

In July 2016, another officer employed by the Department complained that Mason had posted a video online in which Mason called police officers "executioners" while wearing his uniform. Then-Assistant Police Chief Ryan Holt[1] called for an investigation. The investigation determined that the complaints were unfounded and that Mason had not committed any wrongdoing. Mason was not sanctioned or disciplined as a result. In total, Mason complains of three "inquiries" conducted by the Department into his conduct, but there is no evidence that any of them led to any findings of wrongdoing or sanctions against Mason.

Mason also stated in a sworn affidavit that he "experienced slow back up responses from the time [he] began [his] broadcasts." He points to one specific incident in October 2018, when he responded to a domestic violence call and had to wait down the street from the reported location of the offense for more than 30 minutes before his backup arrived.

Lastly, Mason complains that an officer with the Department failed to timely report that an arrestee had threatened Mason's life. Holt learned about this incident during a February 2019 phone call with Mason. Holt testified that he immediately began an investigation, which resulted in the

---

[1] Holt served as Assistant Police Chief of the Department from 2008 until he was promoted to Chief of Police in January 2017. He served as Chief of Police from January 2017 until February 2020.

officer apologizing for forgetting to report the threat. The Department took "corrective action" against that officer.

More than a year after resigning from the Department, Mason filed suit against the City of Waco and Holt. Mason asserted claims under 42 U.S.C. § 1983 for alleged violations of his First, Fourth, and Fourteenth Amendment rights. Both parties consented to the jurisdiction of a magistrate judge. The defendants filed a motion for summary judgment, which the magistrate judge granted in full.

## II.    Jurisdiction and Standard of Review

The district court had jurisdiction over this case pursuant to 28 U.S.C. § 1331. With both parties' consent, the district court referred this case to a magistrate judge to conduct the proceedings and enter final judgment, in accordance with 28 U.S.C. § 636(c)(1) and Federal Rule of Civil Procedure 73. We have appellate jurisdiction over the magistrate judge's grant of summary judgment pursuant to 28 U.S.C. § 636(c)(3). *See* FED. R. CIV. P. 73(c) ("In accordance with 28 U.S.C. § 636(c)(3), an appeal from a judgment entered at a magistrate judge's direction may be taken to the court of appeals as would any other appeal from a district-court judgment."); *see also Trufant v. Autocon, Inc.*, 729 F.2d 308, 309 (5th Cir. 1984).

"We review a grant of summary judgment de novo, viewing all evidence in the light most favorable to the nonmoving party and drawing all reasonable inferences in that party's favor." *Pierce v. Dep't of the U.S. Air Force*, 512 F.3d 184, 186 (5th Cir. 2007) (italics adjusted). Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict

for the non-moving party." *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 328 (5th Cir. 2017) (per curiam) (quotation omitted).

## III.    Discussion

On appeal, Mason raises two issues: (1) "[w]hether the Magistrate erred in granting summary judgment on an admittedly poorly pleaded case when the court had other options," and (2) "[w]hether properly citing the lengthy record would have revealed genuine issues of material fact."

As a preliminary matter, we note that the party opposing summary judgment—here, Mason—has the burden to "identify specific evidence in the record and to articulate the precise manner in which that evidence supports his . . . claim." *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). But Mason concedes in his briefing before us that his response to the defendants' summary judgment motion "failed to make adequate references to a lengthy appendix." He also admits that his "shortcoming and frailty here is . . . a failure to adequately identify [evidence]." It was not the magistrate judge's duty "to sift through the record in search of evidence to support [Mason's] opposition to summary judgment." *See id.* (quotation omitted). We therefore cannot agree with Mason's argument that the magistrate judge's alleged failure to do so constitutes error. Nor will we permit Mason to "use his briefs in this forum as a substitute memorandum in opposition to the defendants' motion for summary judgment below." *See Lewis v. Greenwood Motor Lines, Inc.*, No. 22-10758, 2023 WL 2810881, at *2 (5th Cir. Apr. 6, 2023) (per curiam).

Mason's briefing before us does not discuss the alleged Fourth or Fourteenth Amendment violations, so he has waived those claims. *See United States v. Thibodeaux*, 211 F.3d 910, 912 (5th Cir. 2000) (per curiam) ("It has long been the rule in this circuit that any issues not briefed on appeal are waived."). We therefore focus this analysis exclusively on Mason's First

Amendment retaliation claim.  We conclude that no reasonable jury could have found that Mason's First Amendment rights were violated, based on the facts as referenced by both parties in their summary judgment briefing before the magistrate judge.  As such, his claims against both defendants fail.

## A. First Amendment

"To succeed in a First Amendment retaliation claim under § 1983, a public employee must show: (1) he suffered an adverse employment action; (2) he spoke as a citizen on a matter of public concern; (3) his interest in the speech outweighs the government's interest in the efficient provision of public services; and (4) the speech precipitated the adverse employment action." *Wilson v. Tregre*, 787 F.3d 322, 325 (5th Cir. 2015) (internal quotation marks and citation omitted).  Mason's claim fails at the first element.

Mason does not allege that he was fired, demoted, reprimanded, or sanctioned in any way.  Rather, Mason argues that his voluntary resignation from the Department qualifies as constructive discharge.

We have "previously recognized that constructive discharge may be an appropriate basis for a [§] 1983 action." *Kline v. N. Tex. State Univ.*, 782 F.2d 1229, 1234 (5th Cir. 1986).  To establish constructive discharge, a plaintiff "must offer evidence that the employer made the employee's working conditions so intolerable that a reasonable employee would feel compelled to resign." *Stover v. Hattiesburg Pub. Sch. Dist.*, 549 F.3d 985, 991 (5th Cir. 2008) (quotation omitted).

Mason argues that the three inquiries into his conduct, one belatedly reported death threat, and one instance of delayed backup combined to create an environment so intolerable that any reasonable officer would have resigned.  We disagree.  Mason cites no cases that show Holt's July 2016 investigation into Mason's video—in which Mason wore his police uniform

5

while commenting on matters related to the Department—would be improper. More importantly, none of the inquiries that Mason complains of resulted in any sanctions or negative action taken against him, and investigations alone are not adverse employment actions. *See Benningfield v. City of Houston*, 157 F.3d 369, 376 (5th Cir. 1998). Mason also failed to provide evidence of any time in which slow back up responses put him at risk. Regarding the October 2018 incident, the evidence shows that Mason waited down the street for backup to arrive, did not respond to the call alone, and was never in any danger. The evidence presented also shows that one officer was dispatched to back up Mason, but then proceeded to another call involving his direct supervisor. So, a third officer then filled in to back up Mason. The notion that the everyday difficulties in being a police officer, standing alone, constitute a constructive discharge is without support.

Lastly, Holt immediately initiated an investigation upon learning about the untimely death threat, which resulted in the Department taking corrective action against the offending officer. A mistake made by a colleague in the police station who is then sanctioned is not reasonably viewed as a constructive discharge.

A reasonable jury could not conclude that these events collectively created an environment so intolerable that a reasonable police officer in Mason's position would have felt compelled to resign.[2] *See Stover*, 549 F.3d at 991. As such, no genuine dispute of material fact exists regarding whether Mason suffered an adverse employment action, so Mason's First Amendment claim fails.

_____

[2] Because we reach this conclusion, we need not assess whether any individual acts are time barred.

## B. Defendant Holt

Holt asserted a defense of qualified immunity, so the burden shifted to Mason to raise "a genuine and material dispute as to whether [Holt] is entitled to qualified immunity." *See Trent v. Wade*, 776 F.3d 368, 376 (5th Cir. 2015). Holt is entitled to qualified immunity unless Mason can raise a fact issue showing (1) Holt violated constitutional law, and (2) the right at issue was "clearly established" at the time of Holt's alleged misconduct. *See Pearson v. Callahan*, 555 U.S. 223, 232 (2009).

As detailed in the previous section, Mason has failed to raise any fact issues that support a First Amendment constitutional violation. We thus need not reach the "clearly established" prong. *See id.* at 236. Holt is entitled to qualified immunity, and summary judgment on Mason's claims against him was proper.

## C. Defendant City of Waco

To establish municipal liability under § 1983, a party must show that "(1) an official policy (2) promulgated by the municipal policymaker (3) was the moving force behind the violation of a constitutional right." *Peterson v. City of Fort Worth*, 588 F.3d 838, 847 (5th Cir. 2009). "We have stated time and again that without an underlying constitutional violation, an essential element of municipal liability is missing." *Doe ex rel. Magee v. Covington Cnty. Sch. Dist. ex rel. Keys*, 675 F.3d 849, 866–67 (5th Cir. 2012) (en banc) (alteration adopted) (internal quotation marks and citation omitted). Because Mason has failed to raise a fact issue supporting a First Amendment violation, he has failed to establish municipal liability, so summary judgment on Mason's claims against the City of Waco was proper.

No. 23-50108

## IV.    Conclusion

For the foregoing reasons, we conclude that the defendants are entitled to summary judgment on all of Mason's claims.  Accordingly, we AFFIRM.